### Lela B. WATTS

v.

### SECRETARY OF HEALTH, EDUCATION & WELFARE OF THE UNITED STATES of America.

#### No. 1416.

United States District Court
S. D. Mississippi,
Hattiesburg Division.

June 8, 1959.

E. J. Currie, Sr., E. J. Currie, Jr., Hattiesburg, Miss., for plaintiff.

Edwin R. Holmes, Jr., Asst. U. S. Atty., Jackson, Miss., for defendant.

BEN C. DAWKINS, Sr., District Judge.

Plaintiff's suit is brought under the Social Security Act, as amended, Title 42, U.S.C.A. § 301 et seq.

She alleges that on or about August 22, 1955 she filed application for benefits under Section 216(i) (1) of the Act, with the Bureau of Old Age and Survivors' Insurance, etc., claiming total and permanent disability, and on March 26, 1956, was notified her application had been denied. Further that all other Administrative remedies were exhausted June 20, 1958, and this suit was filed within the 60 days delay allowed by the statute; that she became totally disabled within the statute in June 1951, and prior to December 31, 1952, and has so continued to the present time.

Complainant alleges that the fact issue was and is, "as to whether * * * beginning in June 1951, and prior to December 31, 1952" she "had been unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment, which could be expected to result in death or to be of long continued and indefinite duration." She also repeated her allegations of disability, stating it had been total and permanent from the middle of June 1951; that this fact had been proven, both by the testimony of witnesses and of doctors who attended her, while nothing to the contrary had been established by defendant. Her prayer was for the relief sought.

Defendant's answer admitted the proceedings before and rulings adversely to plaintiff by the Board, as well as many other nondeterminative factual allegations, but denied the Court's authority to receive any additional evidence.

Respondent further admitted in reply to Article 12 of the complaint "the principal issue which should have been (and which was) decided by the Referee was whether (Emphasis Supplied) beginning within the period between June 1951 and December 22, 1952, and continuing without interruption through August 22, 1955 plaintiff was unable to engage in any substantial gainful activity, by reason of any medically determinable physical or mental impairment which could be expected to result in death or to be of

long continued and indefinite duration", as required by the statute.

The decision by the Referee, affirmed on review by the Secretary was based upon the following statement of the law and facts found:

"To qualify for a period of disability under the Social Security Act, among other requirements, an individual must be unable to engage in any substantial gainful activity by reason of a severe medically determinable impairment which can be expected to be of long-continued and indefinite duration, as contemplated by the statute set forth in Appendix A hereof and expressions of Congress appearing in Appendix B.

"The continuous inability to engage in any type of substantial gainful activity for at least six months must start at a time when the earnings requirements are met. The record shows that claimant last met the earnings requirements in the quarter ending December 31, 1952. Any impairments that have become disabling or had their disabling onset after that time may not, regardless of severity, serve as the basis for the establishment of a period of disability.

"The claimant's family doctor, who has treated her for various complaints for years, Dr. Bethea, in his first medical report filed on behalf of claimant, dated August 22, 1955, refers to her hypertension as only 'slight' and the pain in her back had only existed at that time for 'two or three months' * * * more than two years after claimant last met the earnings requirements which was December 31, 1952 * * * but that the pain in claimant's right knee had existed since 1951. Although from subsequent reports from Dr. Bethea it appears that the hypertension has become worse there are no objective findings as to possible cardiac, cerebral, renal or retinal manifestations of the hypertension. The medical report from Dr. Conn, an orthopedic specialist, shows that the 'x-rays of the right knee did not reveal any definite evidence of bony abnormality.' The impairment to this knee had not progressed to the point at a time when claimant last met the earnings requirements * * * December 31, 1952 * * * to where there was complete functional loss of the knee or other parts of the body to such an extent that her remaining residual capacities were so affected as to render her unable to do *any* type of substantial gainful work. The hypertension and arthritis of the lumbar spine, of which claimant now complains, were impairments that were not disabling or had their disabling onset until after the claimant's special insured status had expired, and, as previously stated, disabilities arising subsequent thereto * * * December 31, 1952 * * * may not be considered for the purpose of establishing a period of disability.

"In the light of the foregoing, the Referee finds that the medical evidence is insufficient to establish that the claimant was suffering from medically determinable impairments of long-continued and indefinite duration of such severity as to have prevented her from engaging in any substantial gainful activity at a time when the earnings requirements were met."

The Social Security Act (Sec. 216(i) (1) defines disability as follows:

"(i) (1) The term 'disability' means (A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration. * * * An individual shall not be considered to be under a disability unless he furnishes such proof of the existence thereof as may be required. * * *

"(2) The term 'period of disability' means a continuous period of not

912

less than six full calendar months (beginning and ending as hereinafter provided in this subsection) during which an individual was under a disability (as defined in paragraph (1)."

■■ If the administrative decision is supported by substantial evidence, it must stand. After a careful examination of this record, I cannot say it is not so supported. It would do little good to discuss that evidence in detail. It is conceded such disability (total and permanent) within the statute, had to exist before December 31, 1952. I cannot so find.

Departmental decision is affirmed.