**Ernest LILES, Plaintiff,**

v.

**Arthur S. FLEMMING, Secretary of Health, Education and Welfare, Defendant.**

**Civ. No. 7786.**

United States District Court
N. D. California, N. D.
Aug. 26, 1959.

304

Jensen & Underwood, Modesto, Cal., for plaintiff.

Lynn J. Gillard, U. S. Atty., and William B. Spohn, Asst. U. S. Atty., San Francisco, Cal., for defendant.

HALBERT, District Judge.

Petitioner has made timely application to this Court seeking the review of a final decision of the Secretary of Health, Education and Welfare (Title 42 U.S. C.A. § 405(g)), which determined that petitioner had not established a "disability" and so did not qualify for a so-called wage freeze in the computation of his social security benefits (Title 42 U.S.C.A. §§ 416(i) (1) (A) and 415 (e) (4) (A)).

In this review the Court is limited by statute to consideration of the record upon which the decision was based (Title 42 U.S.C.A. § 405(g)) and must treat any factual findings of the Secretary as conclusive where supported by substantial evidence (Title 42 U.S.C.A. § 405 (g)). Both parties have moved for summary judgment; supporting their motions with extensive memoranda. The matter is an appropriate one for the application of summary proceedings, and disposition will be made accordingly.

From the certified record before the Court, it appears that petitioner was born in 1903 and received a grammar school education. His employment history consists of various types of manual labor, first as a farm helper and truck driver and, during the three years preceding his alleged disability, as a carpenter.

In making application to establish a disability, petitioner stated that he had a heart attack in 1947, but that he returned to work. Thereafter, in 1955, he had a more severe attack, and in 1956 commenced these proceedings to establish a disability period. There are no postings to his earnings record after that time, although petitioner did attempt to work as a house to house salesman until he found that he was unable to carry the required sample case.

The medical evidence consists of the report of Dr. Czatt, one of petitioner's doctors, who filed a medical report form at the Secretary's request, and the report of Dr. Battle who, again at the request of the Secretary, conducted a verifying

examination and submitted a report containing his findings and conclusions. Both doctors agreed that petitioner suffered from a cardiac condition, with Dr. Battle emphasizing that petitioner's extreme obesity (Petitioner is five feet, four inches tall, and then weighed almost two hundred pounds.) made it difficult, if not impossible, to accurately gauge the extent of this condition.

From this evidence a Disability Certification Counselor, assisted by a Medical Consultant, determined that while petitioner was unable to work as a carpenter, "His obesity is remediable and his cardiac disability could be expected to improve with weight reduction." The Counselor concluded that petitioner was still able to engage in a selected or sedentary type of employment, and as a result did not qualify as being disabled under the provisions of the statute.

Petitioner sought a review by a referee. The referee, after considering the record, reversed the Disability Certification Counselor's conclusion, and found that petitioner was, in fact, disabled. The Appeals Council, on its own motion, then reviewed the findings of the referee and reversed his findings. It is from this final decision, upon which the Secretary of Health, Education and Welfare relies, that the instant review is sought here.

 In the final analysis there is only one real problem to be resolved in this proceeding, and that can be readily done by the selection of a proper definition for the term "disability" when it is used in a proceeding to establish a wage freeze, such as petitioner has here instituted. Congress has provided a solution to this problem by defining "disability" in the applicable statutory law as, " * * * inability to engage in *any substantial gainful activity* by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration" (Title 42 U.S.C.A. § 416(i) (1) (A)) [Emphasis added]. This definition is concise and free from ambiguity. The Secretary properly ac-

cepted and applied this definition to the facts as they were presented to him, and this Court must abide by the Secretary's ruling, unless it fails to meet the requirement that there must be substantial evidence in the record to support it. It is with this latter rule in mind that the Court has carefully read and considered the record which was before the Secretary, and which is now before the Court.

The record discloses that, in connection with petitioner's condition, Dr. Czatt reported: "I feel that this man will never be able to once again do any type of work *other than some sort of a job that he could sit at,* such as a checker where he could use his hands or pencil and paper, something of that nature" [Emphasis added]. The record further discloses that Dr. Battle stated that petitioner was completely disabled from doing any useful type of work which he was capable of doing, both because of his cardiac disease and his extreme obesity. Dr. Battle felt that weight reduction would benefit the cardiac disease immensely, and then that further evaluation would be required. These two observations, and petitioner's statement that he believes himself unable to engage in any substantial gainful activity, constitute all of the evidence in the record in regard to petitioner's "inability to engage in any substantial gainful activity."

 From this evidence the Appeals Council found that petitioner's age and education were consistent with Dr. Czatt's suggestion, and that petitioner could engage in selected sedentary activity. As the proper test of "substantial" gainful activity is the possibility of finding employment *in any field,* and is not restricted to the type of work, or the earning capacity of a wage earner prior to disablement (Fuller v. Folsom, D.C., 155 F.Supp. 348, and Hourihan v. Folsom, C.C.H. Unemployment Insurance Reporter, Vol. 1A, Fed.Paragraph 8452), it is obvious from the record that this finding is supported by substantial evidence.

**306**

The record before the Secretary, and *now* before the Court, shows clearly that petitioner failed to qualify under the first of the tests established in the statute for a finding of disability. Such being the situation, there is no need to consider any of the other facets of the statutory definition of this term. This being so, the determination of the Appeals Council that petitioner is not entitled to a "disability freeze" must stand.

It is, therefore, ordered that the decision of the Secretary of Health, Education and Welfare be, and the same is, hereby sustained. Plaintiff's petition for review is dismissed.