**Nellie M. STITELY**

v.

**Arthur S. FLEMING, Secretary of Health, Education and Welfare.**

**Civ. A. No. 11330.**

United States District Court
D. Maryland,
Civil Division.

Nov. 6, 1959.

Frank J. McCourt, Baltimore, Md., for petitioner.

Leon H. A. Pierson, U. S. Atty., R. Taylor McLean, Asst. U. S. Atty., Baltimore, Md., for respondent.

CHESNUT, District Judge.

This case presents an appeal by Nellie M. Stitely to reverse a final decision of the Secretary of Health, Education and Welfare under section 205(g) of the Social Security Act (42 U.S.C.A. § 405 (g)).

The appellant, a married woman, claims that she was "disabled" under the proper construction and application of section 216(i) (42 U.S.C.A. § 416(i)) of the Social Security Act, during the period from July 1953 up to and including the time of filing her petition with the Social Security Administration on July 5, 1955. She is now 50 years of age and is not presently applying for immediate benefit payments, but her present application is for the establishment of a "period of disability" which will have a direct effect on payments which may become due to her when she reaches the age of 62 years.

Findings and conclusions of the Referee who heard the evidence in the proceeding was against the claimant's contention and this conclusion was affirmed by the Appeals Council and became final on February 17, 1959.

Under the statute the scope of review by this court is limited to a determination of whether (1) the conclusions of the Referee are supported by the findings and (2) whether the findings are supported by substantial evidence on the record considered as a whole. The burden of proof was, of course, on the claimant.

After reading and considering the whole of the record in the case, I conclude that the Referee's conclusion is supported by his findings and they in turn are supported by the evidence in the record as a whole.

The criterion to be here applied is the definition of "disability" contained in

section 216(i) of the statute which, in main part as quoted is—

"* * * the term 'disability' means (A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration."

It will be noted that the definition provides that disability shall not be considered to exist where the claimant is able to engage in "any substantial gainful activity". It will be remembered that this test is substantially similar to that which prevailed under claims for disability under the provisions of the Act affecting veterans of the First World War; and is not dissimilar to the test which has often been judicially applied with respect to claims for disability under the wording of various insurance policies. It is also to be borne in mind that claimants under the Social Security Act have contributed, to some extent, in the form of taxes to the whole Social Security Fund. In applying the definition to the facts of the particular case it is not mandatory that the claimant must show such extensive physical or mental incapacity as required him to be bedridden or entirely helpless; but the existence of the disability may reasonably be found from evidence which shows that from the nature and circumstances of the particular case there is no ability to engage in activity of a substantially gainful nature.

As these tests have been so often considered and recited and applied by the courts in years past, I think it is not necessary in this case to review the many judicial decisions upon the point. Of course each case depends upon its own particular facts but some generally illustrative recent judicial opinions upon the subject can be found in: Goldman v. Folsom, 3 Cir., 1957, 246 F.2d 776, decided on the record as a whole; Hill v. Fleming, D.C.1958, 169 F.Supp. 240, decided on the record as a whole; United States v. Elmore, 5 Cir., 1934, 68 F.2d 551 and United States v. Johnson, 8 Cir.,

1938, 94 F.2d 539, war risk insurance cases; Ussi v. Folsom, 2 Cir., 1958, 254 F.2d 842, presumption of regularity in decision, and Butler v. Folsom, D.C.1958, 167 F.Supp. 684, no irregularity because claimant not represented by counsel at hearing.

The decision in the instant case must be based on the whole record of the hearing and exhibits. The important consideration to be borne in mind is the definition of "disability" which provides that it must be based on *medically* determinable physical or mental impairment, of the severity included in the definition. In reading the whole of this record it becomes apparent that the administrative effort in considering the case was centered upon what medical evidence would be found to support the more general complaints of the appellant based upon her own subjective feelings and contention that she was unable to do any work of a substantially gainful nature. The history of the progress of the processing of her claim in the Security Administration can be found in Exhibit No. 13. Without undertaking to review and recite the whole of the record in detail, I think it sufficient for the purposes of this opinion to refer to the following points.

The appellant began work when she was 14 years of age and continued working for about 30 years as a waitress and in light factory work. She discontinued work in July 1953 and on July 5, 1955 filed a claim for determination of disability during that period. She complained at that time principally of arthritis and rheumatism. After receiving her claim the Agency called to her attention that she was required to submit medical evidence in support of her claim. After some little time she submitted various letters or certificates from a Dr. Blum whom she said had been her family physician for many years. The Administrator then asked Dr. Blum for more specific medical facts from which a determination could be made to the effect that the appellant was not physically capable of pursuing any gainful occupation. Dr.

Blum submitted some further data which was still deemed insufficient by the Agency and thereafter the appellant submitted a further personal statement with regard to her physical condition. After this, the Agency referred the matter to a Dr. Cotter, as a consultant. The result of his apparently very thorough examination, shown by Exhibit No. 12, was in substance that the medically ascertainable complaint of the witness was (1) diabetes without complications (2) excessive obesity; and no medically ascertainable circulatory trouble and no swelling or loss of movement of the joints. He thought that her many subjective symptoms were due largely to psychological or psychiatric conditions and in turn had her referred to a Dr. Schnaper, a psychiatrist. His report, Exhibit No. 12A, was to the effect that she had apparently no psychotic condition or any ascertainable mental disability, but that she was an immature person almost to the point of being infantile. The Agency then advised the appellant that her claim for disability must be disallowed. She then requested a hearing which was held by the Referee in due course on or about July 31, 1958. His conclusion found in the record was in substance that the appellant did not have a medically ascertainable physical impairment of the severity required by the definition of "disability". He therefore rejected the claim.

Counsel for the appellant here places emphasis on the opinion submitted by Dr. Blum which, he argues, should have more weight than that of the consultative experts Drs. Cotter and Schnaper. However, that is not the problem with which this court has to deal. The test to be applied here in the scope of review is whether the Referee's conclusion is supported by substantial evidence on the record considered as a whole. I think the Referee was entitled in reaching his conclusion to consider and compare the somewhat opposing views of Dr. Blum and Drs. Cotter and Schnaper. The views of the latter were accepted by the Referee in preference to the views of Dr. Blum.

On this review I cannot say that the conclusion of the Referee was not supported by substantial evidence and I do not think that the contrasting opinion of Dr. Blum is sufficient to justify a finding contrary to that of the Referee on the basis of considering the record as a whole. It is quite familiar in ordinary civil litigation in this court respecting damages to find differing opinions of medical doctors. It is for the jury to decide which is the more persuasive under proper instructions from the court with respect to the power of the jury to determine the facts based on their own judgment as to credibility and weight of evidence.

The Referee found that the claimant did have the medically ascertainable physical ailments of diabetes and obesity; but that both could be controlled by insulin and proper diet and that the claimant apparently did not observe proper diet. He further found that the effects of the diabetes and obesity if so controlled, was not of the severity required by the definition of disability, and particularly that they did not of themselves make it impossible for the claimant to follow some gainful occupation.

I think it not without significance that the Referee made a finding of fact as follows: " * * * after she stopped work in July 1953 she applied for unemployment benefits from the State of Maryland; based on a finding that she was physically and mentally able to work, the State of Maryland granted unemployment compensation benefits to the claimant". And it also appears that about the time the claimant stopped work, her relations with her husband became more cordial and he assumed a larger amount of her support than previously.

I conclude, therefore, that the claimant has failed to meet the burden of proof required to entitle her to a finding of disability for the period from 1953 to 1955 as she claims. It is therefore Ordered that the conclusion of the Secretary of Health, Education and Welfare be and the same is hereby *affirmed* this 6th day of November 1959.