Samuel E. SPEARS, Plaintiff,

v.

Arthur S. FLEMMING, Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. 12819.

United States District Court
S. D. Texas,
Houston Division.

Sept. 9, 1960.

Samuel E. Spears, Houston, Tex., plaintiff, pro se.

William B. Butler, U. S. Atty., and Norman W. Black, Asst. U. S. Atty., Houston, Tex., for defendant.

INGRAHAM, District Judge.

The case is before the court upon defendant's motion for summary judgment, which is not opposed by plaintiff.

This is an action under Section 205 (g) of the Social Security Act, as amended, 42 U.S.C.A. § 405(g), to review a "final decision" of the Secretary of Health, Education and Welfare. The decision in question was rendered on January 30, 1959, by a hearing examiner in the Office of Hearings and Appeals, Social Security Administration, Department of Health, Education and Welfare (Tr. 5–11). This decision became the Secretary's "final decision" on July 15, 1959, when the Appeals Council denied plaintiff's request for review (Tr. 2). Said decision holds that the plaintiff is not entitled to the establishment of a period of disability under the provisions of Section 216(i) of the Act (42 U.S. C.A. § 416(i)) or to disability insurance benefits under the provisions of Section 223 of the Act (42 U.S.C.A. § 423).

Section 405(g) provides, *inter alia,* that "As part of [his] answer the Secretary shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." It further declares that "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." The next subsection, 205(h) of the Act, 42 U.S. C.A. § 405(h), expressly restricts the judicial remedy to the aforesaid manner of judicial review.

The issue in this case then is whether there is substantial evidence in the record to support the Secretary's finding that plaintiff failed to establish that he is entitled to a period of disability under Sec-

tion 216(i) of the Social Security Act (42 U.S.C.A. § 416(ii)), or to disability insurance benefits under Section 223 of the Act (42 U.S.C.A. § 423).

■ To be eligible for benefits, based on his application of January 14, 1958, plaintiff must have been under a continuous "disability" beginning not later than the date of filing his application (42 U.S.C.A. § 423(c)). The Act defines the term "disability" as " * * * inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration * * *." (42 U.S.C.A. § 416(i) (1)). Plaintiff's burden was to show that he was suffering from an impairment or a combination of impairments of sufficient severity to render him unable to engage in any substantial gainful activity.

Claimant alleges that he first became unable to work on September 28, 1956, due to being injured in an accident when a city bus hit the rear of his car. He states it prevents his working because he has no strength in his right hand, is in constant pain with his spine, cannot move his head or neck as it is in a brace, and that both his arms go to sleep (Tr. 48–51). A physician and a vocational specialist consulted by the Bureau of Old-Age and Survivors Insurance found no such disability (Tr. 59–60, 92–93). The referee, before whom plaintiff testified, considered the entire case de novo and found plaintiff was not under a disability (Tr. 5–11).

■■ After examination of the transcript of the hearing, the exhibits, and the pleadings, the court concludes that the findings of the Secretary, as stated in the referee's decision of January 30, 1959, are supported by substantial evidence and must be deemed conclusive. It is apparent from the clinical findings of the doctors and from the X-rays that the medical evidence shows but a relatively minor injury to plaintiff's neck. Insofar as there was a difference of opinion between the doctors as to the extent of plaintiff's physical impairment, this presented an issue of fact for resolution by the Secretary as trier of the facts. Butler v. Folsom, D.C.W.D.Ark., 1958, 167 F.Supp. 684; Stitely v. Fleming, D.C. D.Md.1959, 178 F.Supp. 357. There is no medical evidence in the record as to the severity of his mental state, and no doctor has even indicated that it constituted a disabling impairment. Remington v. Folsom, D.C.N.D.N.Y.1957, 157 F.Supp. 473, presents an analogous factual situation; a similar conclusion is reached. The case of Adams v. Flemming, 2 Cir., 1960, 276 F.2d 901, involves a similar neurosis or unreasonable concern about symptoms with like conclusions by the court.

Defendant's motion for summary judgment will be granted. Clerk will notify counsel to draft and submit judgment accordingly.