**Arthur E. TALLEY, Plaintiff,**

v.

**Arthur S. FLEMMING, Secretary of the Department of Health, Education and Welfare of the United States of America, Defendant.**

**Civ. No. 308.**

United States District Court
D. Nevada.
Dec. 6, 1960.

view of a "final decision" of the Secretary of Health, Education, and Welfare, defendant herein. The final decision of the Secretary determined that plaintiff, Arthur E. Talley, is not entitled to disability insurance benefits as provided for in Sections 416(i) and 423(c) (2) of Title 42.

On May 11, 1960, there was filed with this Court a stipulation between the parties to the effect that "the sole issues are whether the Plaintiff, Mr. Talley, is under a 'disability' as defined in the Act, and whether there is substantial evidence to support the referee's determination" that he was not.

The final decision of the Secretary in this case consists of a decision rendered on August 6, 1959, by a hearing examiner (previously denominated "referee"), which decision became the "final decision" of the Secretary when the Appeals Council, on October 20, 1959, denied the plaintiff's request for review.

It has been held that:

" * * * The findings of the Administrator are conclusive upon the court as to any fact if supported by substantial evidence. 42 U.S.C.A. § 405(g). * * * The review is not a trial de novo but is limited to the pleadings and the transcript of the proceedings at the hearing. The district court has jurisdiction only to review the record. The statute does not give the district court power to * * * hold a hearing and determine the merits of the claim." Hobby v. Hodges, 10 Cir., 1954, 215 F. 2d 754, 757.

 There have come to the attention of the Court no unresolved factual issues. This Court must determine only whether or not there was substantial evidence in the record to support the conclusion of the hearing examiner. This determination raises only a question of law. Therefore, this Court must grant defendant's motion for summary judgment if it determines that defendant must prevail on the legal issue which is raised, i. e., that there was substantial evidence to support the decision of the hearing examiner.

Robert Santa Cruz, Las Vegas, Nev., for plaintiff.

Howard W. Babcock, U. S. Atty., and Raymond E. Sutton, Asst. U. S. Atty., for the Dist. of Nevada, Las Vegas, Nev., for defendant.

ROSS, Chief Judge.

This is an action under Section 205 (g) of the Social Security Act, as amended, 42 U.S.C.A. § 405(g), for judicial re-

■ Initially, it may be noted that the "burden was on [plaintiff] not only to show the character and extent of his injury, but also to show that the result of the injury was to disable him permanently from following any substantially gainful occupation." Miller v. United States, 1935, 294 U.S. 435, 440, 55 S.Ct. 440, 442, 79 L.Ed. 977.

■ A review of the transcript of the hearing held before the hearing examiner on June 9, 1959 indicates that there was substantial evidence from which the hearing examiner could draw his conclusion that plaintiff was not "disabled" within the meaning of the Act. The review further indicates that the hearing examiner could find that plaintiff did not meet his burden of proof.

Without going into an extensive summary of the transcript, it suffices to point out that the reports of Drs. J. B. French, L. E. Compton, Martin W. Payne, V. V. Rerucha and Julian Anderson, when taken together, do "substantiate the applicant's allegation of a disability due to lung, back and stomach ailments" and tend to support the conclusion that plaintiff's "disability is of long-continued and indefinite duration." (Quotations are from the report of the OASI Section, Vocational Rehabilitation, per Richard Petty, M.D., dated March 10, 1958.)

■ But, this Court cannot be concerned with a mere disability of "long-continued and indefinite duration," for the burden is on plaintiff to prove that his disability is of such magnitude that he is unsuited for *any* type of substantial gainful activity. Adams v. Flemming, 2 Cir., 1960, 276 F.2d 901; Ussi v. Folsom, D.C.N.D.N.Y.1957, 157 F. Supp. 679, affirmed 2 Cir., 1958, 254 F.2d 842; Remington v. Folsom, D.C.N.D.N.Y. 1958, 157 F.Supp. 473; Julian v. Folsom, D.C.S.D.N.Y.1958, 160 F.Supp. 747; Fuller v. Folsom, D.C.W.D.Ark.1957, 155 F.Supp. 348; Hallard v. Fleming, D.C. W.D.Ark.1958, 167 F.Supp. 205; Watts v. Secretary of Health, Education & Welfare, D.C.S.D.Miss.1959, 173 F.Supp. 909; Liles v. Flemming, D.C.N.D.Cal.

1959, 176 F.Supp. 303; Miller v. United States, 1935, 294 U.S. 435, 55 S.Ct. 440, 79 L.Ed. 977; Lumbra v. United States, 1934, 290 U.S. 551, 54 S.Ct. 272, 78 L.Ed. 492; United States v. Still, 4 Cir., 1941, 120 F.2d 876, certiorari denied 1941, 314 U.S. 671, 62 S.Ct. 135, 86 L.Ed. 537. A reading of these cases indicates beyond peradventure that this Court is not to concern itself with the fact that plaintiff may be unable to engage in the type of employment which was his custom before his disability.

In this connection, the Court observes that Drs. Rerucha and Anderson have advised plaintiff not to work. But, on the other hand, Dr. Payne has reported:

"It is extremely difficult for me to comprehend, on the basis of this man's history, physical examination, and X-rays, why he has been unable to work for the past thirteen years. Two encounters with this patient have convinced me that if someone had told this man thirteen years ago that he would have to go to work, he would have been spared thirteen years of unemployment. I can see no reason why he is not able to work especially in view of the fact that the X-ray changes are of mild degree and the physical examination is not very conclusive for any organic pathology. My opinion is that this man is very definitely employable."

■ This Court, then, is faced with a conflict of opinion by the medical experts. But, it cannot be said that the hearing examiner reached a conclusion not supported by substantial evidence, merely because he chose to give greater weight to the opinion of Dr. Payne, rather than to the opinions of Drs. Rerucha and Anderson. It is for the hearing examiner, not this Court, to decide which opinions are the more persuasive. Stitley v. Fleming, D.C.Md.1959, 178 F.Supp. 357, 360; Butler v. Folsom, D.C. W.D.Ark.1958, 167 F.Supp. 684, 689.

The opinions of Drs. Rerucha and Anderson are not to be disregarded lightly,

but the hearing examiner stated in his report that he had given them "due weight," and he went on to observe:

"It is appreciated that the opinions may have been honestly made in the light of the existing "doctor-patient" relationship and perhaps, were made to make medical treatment more effective. However, this may not serve as a basis for a finding that the individual is disabled within the meaning of the law and its construction."

In this latter conclusion the hearing examiner was, this Court believes, correct. It is, of course, the special competence of the medical profession to ascertain, by the techniques of medical science, the nature, specific resulting effects on body functions, probable course, amenability to therapy, and probable duration, of the physical or mental impairment. On the other hand, it is not the function of the doctor, but rather that of the administrative agency which has the ultimate responsibility of considering all of the available evidence relating to the education, training, skills, and residual capacities of the wage earner, to consider these non-medical factors along with the medical aspects of the case and to then make the administrative determination of the ultimate issue of whether the plaintiff is incapable of engaging in *any* substantial gainful activity; i. e., whether plaintiff has suffered a "disability" within the meaning of the Act.

Of interest, too, is the fact that on July 29, 1958, it was determined by the Nevada Division of Vocational Rehabilitation of the Department of Health, Education and Welfare that plaintiff was not entitled to vocational rehabilitation because "there [was] no employment handicap."

Finally, the record shows that plaintiff himself admitted that he has been able, despite his alleged "disability", to mow his lawn by a hand mower and to take walks of about eight blocks.

The law in this area may appear to be harsh. But, the remedy for plaintiff

and those similarly situated is with the Congress, not the courts. On the basis of a thorough review of the record, it is the conclusion of this Court that the decision of the hearing examiner was supported by substantial evidence. Therefore, his determination that plaintiff is not entitled to benefits for "disability" must stand.

Accordingly, it is, therefore,

Ordered, that defendant's motion for summary judgment be, and the same is hereby, granted.