Arthur E. TIRCUIT, Plaintiff,

v.

Abraham A. RIBICOFF, Secretary of Health, Education, and Welfare, Defendant.

Civ. A. No. 13459.

United States District Court
S. D. Texas,
Houston Division.

July 20, 1961.

---

1. Motion to reduce bail pending appeal denied August 11, 1961.

**14**

Frank C. Biggs and John T. McCully, Houston, Tex., for plaintiff.

Woodrow Seals, U. S. Atty., and Robert C. Maley, Jr., Asst. U. S. Atty., Houston, Tex., for defendant.

INGRAHAM, District Judge.

The case is before the court upon motions for summary judgment by both parties.

This is an action under Section 205(g) of the Social Security Act, as amended, 42 U.S.C.A. § 405(g), to review a "final decision" of the Secretary of Health, Education, and Welfare. The decision in question was rendered July 26, 1960, by a hearing examiner in the Office of Hearings and Appeals, Social Security Administration, Department of Health, Education, and Welfare (Tr. 6–13). This decision became the Secretary's "final decision" on October 18, 1960, when the Appeals Council denied plaintiff's request for review (Tr. 2). Said decision holds that plaintiff is not entitled to establishment of a period of disability under the provisions of Section 216(i) of the Act (42 U.S.C.A. § 416(i)) or to disability insurance benefits under the provisions of Section 223 of the Act (42 U.S.C.A. § 423).

Section 405(g) provides, inter alia, that "As part of (his) answer the Secretary shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." It further declares that "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." The next subsection, 205(h) of the Act, 42 U.S.C.A. § 405(h), expressly restricts the judicial remedy to the aforesaid manner of judicial review.

The issue then is whether there is substantial evidence in the record to support the Secretary's finding that plaintiff failed to establish that he is entitled to a period of disability under Section 216 (i) of the Social Security Act (42 U.S. C.A. § 416(i)), or to disability insurance benefits under Section 223 of the Act (42 U.S.C.A. § 423).

To be eligible for benefits, based on his application of April 14, 1959, plaintiff must have been under a continuous "disability" beginning not later than the date of filing his application (42 U.S.C.A. § 423(c)). The Act defines the term "disability" as " * * * inability to engage

in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration * * * " (42 U.S.C.A. § 416(i) (1)). Plaintiff's burden was to show that he was suffering from an impairment or a combination of impairments of sufficient severity to render him unable to engage in any substantial gainful activity.

Claimant alleges he first became unable to work in January 1959 due to a stroke and heart condition (Tr. 55, 57). In his request for a hearing, claimant stated as his reasons for disagreement with Bureau's determination:

> "I am weak in my left leg and arm. I can walk only two blocks without stopping to rest. I have a calcium deposit in my head and have a pulling feeling like an elastic band around my head whenever I exert myself. After I read a few lines of print the lines start jumping. When I wake up my voice is usually not clear until about midday. It sounds as if I have a cocklebur in my throat. I do not know of any work I would be able to do. I can't do heavy work. I can do little reading, I can't stand long, I get dizzy on elevators." (Tr. 6–7).

Plaintiff's alleged infirmities include: (1) generalized, moderate arteriosclerosis; (2) moderate hypertension; (3) decreased muscle strength in left arm and leg; (4) intermittent claudication on walking in left leg; (5) slight speech defect; and (6) moderate deafness (these alleged weaknesses are summarized in Tr. 9–11).

The medical evidence consists of the hospital summaries of claimant's treatment following his attack, reports from plaintiff's personal physician, and reports from consultants who have examined him. Initial report covers plaintiff's stay in Veterans Administration Hospital, Houston, from January 6, 1959, to February 16, 1959 (Tr. 63–65). Plaintiff's health is reported as "perfect" until January 4, 1959, when "one * * * morning he found that the was unable to move his left arm or leg." (Tr. 63). Claimant made a satisfactory recovery from his stroke (Tr. 64). At discharge from hospital claimant was "quite ambulatory"; "self-exercise of extremities and return to light work" were recommended (Tr. 64). In September 1959 claimant was examined by Veterans Administration for disability rating purposes. This examination revealed no heart disease nor pathological findings in cardiovascular system; there were no objective findings of weakness in the left arm (Tr. 69–74). In a report of February 22, 1960, Dr. T. W. Brewer, plaintiff's personal physician, concluded:

> "In my opinion he (claimant) had recovered approximately 60 per cent of the function of the left arm and leg, and was in fair health otherwise. Employment would certainly present a problem, however, because of the moderate deafness, intermittent claudication involving the left leg, and a measurable deficit in the dexterity of the left arm and hand, and although he is not completely physically disabled I sincerely believe his physical impairments render him practically unemployable." (Tr. 75).

Dr. Norris of Houston Diagnostic Clinic noted arteriosclerosis but otherwise normal findings in a consultative examination made for Bureau in April 1960 (Tr. 76–79). In short, there is medical evidence both supporting and refuting a finding of disability.

After examination of the transcript of the hearing, the exhibits and the pleadings, the court concludes that the findings of the Secretary, as stated in the referee's decision of July 26, 1960, are supported by substantial evidence and must be deemed conclusive. Insofar as there was expressed a difference of opinion in the medical reports as to the extent of plaintiff's physical impairment, an issue of fact was presented for resolution by the Secretary as trier of the facts. Butler v. Folsom, 167 F.Supp. 684 (W.D. Ark.1958); Stitely v. Fleming, 178 F.

Supp. 357 (D.Md.1959); Spears v. Flemming, 187 F.Supp. 740 (S.D.Tex.1960).

The record amply supports examiner's conclusion:

"Contrary to claimant's assertion at the hearing, the evidence does not establish that he is unable to perform the duties of a watchman, a timekeeper, a custodian, an elevator operator, or many other unskilled jobs with only semi-sedentary physical requirements." (Tr. 12).

Claimant admitted the following activities: (1) he assists wife with housework (Tr. 46); (2) he tends his flowers (Tr. 44); (3) he mows his yard with power mower (Tr. 39); (4) he attends church regularly (Tr. 46–47); and (5) he goes fishing at Galveston two or three times a month (Tr. 45). In light of such activities the court agrees with the examiner's view that claimant is capable of performing light or sedentary work of various sorts (Tr. 12).

Defendant's motion for summary judgment will be granted. Plaintiff's motion for summary judgment will be denied. The clerk will notify counsel to draft and submit judgment accordingly.