Haskell B. POAGE, Plaintiff,

v.

Abraham A. RIBICOFF, Secretary of Health, Education and Welfare, Defendant.

No. N 60 C 8.

United States District Court
E. D. Missouri, N. D.

April 23, 1962.

Wm. B. Spaun, Hannibal, Mo., for plaintiff.

D. Jeff Lance, U. S. Atty., and W. Francis Murrell, Asst. U. S. Atty., St. Louis, Mo., for defendant.

REGAN, District Judge.

This action is before the Court for review of the decision of the Secretary of Health, Education and Welfare denying plaintiff's application for a period of disability under Section 216(i) of the Social Security Act, as amended, (42 U.S.C.A. § 416(i)) and disability benefits as provided by provisions of Tit. 42 U.S.C.A. § 423. Plaintiff was given a hearing on his application before the Hearing Examiner of the Social Security Administration, who denied his application, and plaintiff's request for review by the Appeals Council was denied. After filing of this action, the matter was, on motion of the Secretary, remanded to the Appeals Council for further administrative action. Additional evidence was received by the Appeals Council, and considered with the record before the hearing examiner, resulting in a decision on June 30, 1961, of the Appeals Council affirming the action of the Hearing Examiner. Subsequently, the defendant secretary answered the complaint herein, filing with its answer a transcript of the entire administrative record as provided by Section 205(g) of the Social Security Act (42 U.S.C.A. § 405(g)). The matter is before the Court on defendant's motion for summary judgment.

Title 42 U.S.C.A. § 405(g) and (h) limit this Court's scope of review to a determination as to whether or not the

findings of fact of the Secretary are supported by substantial evidence. "Substantial evidence" has often been defined by the Courts. The United States Court of Appeals, Eighth Circuit, in Cody v. Ribicoff 289 F.2d 394 (1961), a case in which it reviews denial of Social Security benefits, cites the definition in Universal Camera Corp. v. National Labor Relations Board, 340 U.S. 474, 477, 71 S.Ct. 456, 95 L.Ed. 456:

"* * * 'substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' Consolidated Edison Co. v. Labor Board, 305 U.S. 197, 229 (59 S.Ct. 206, 217, 83 L.Ed. 126). Accordingly it 'must do more than create a suspicion of the existence of the fact to be established * * * it must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury.' Labor Board v. Columbian Enameling & Stamping Co., 306 U.S. 292, 300 (59 S.Ct. 501, 505, 83 L.Ed. 660)."

See also Pirone v. Flemming, D.C.N.Y. 1959, 183 F.Supp. 739, aff'd 2 Cir., 278 F.2d 508.

■ The burden is on the claimant to establish disability as defined by the Act, i. e.:

"* * * inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration * * *."

The Appeals Council found that at the time of plaintiff's application, June, 1957, while claimant had sustained some osteoarthritic changes, no medically determinable impairment was found in explanation of the severe pains of which plaintiff complained. The arthritic condition apparently progressed, but following surgery performed in March, 1960, examinations revealed only minimal limitations in function of the right arm. Plaintiff complained of certain other ills at various times, but none were of long duration.

The Appeals Council concluded that the arthritis was not so disabling, either in June of 1957 or upon examinations following the remedial surgery, as to preclude the plaintiff was engaging in substantial gainful activities.

The Court has carefully examined the transcript of proceedings and exhibits before the Appeals Council. No useful purpose would be served by enumerating in this memorandum the details contained in the record.

■ In support of these findings, the record contains numerous medical reports of examinations from March of 1956 through October of 1960. The medical records suggest that the arthritic condition of plaintiff in June of 1957 was comparable to the condition existing during years in which the plaintiff was regularly working. One Dr. Hollister attributed plaintiff's pain to a psychogenic origin, and recommended a neurosurgical examination. Examination by a neurosurgeon revealed no evidence of neurosurgical disorder. Hospital examination described the pain as one of "unknown etiology". Examinations subsequent to the spinal fusion and hemilaminectomy performed March, 1960, revealed successful elimination of pressure or irritation caused by the arthritic condition, with some degree of limitation of function of the right arm. No attempt is made by plaintiff to show disability based on mental impairment, and except for plaintiff's failure to engage in regular employment, the record indicates that he lives a normal, socially adjusted life.

The plaintiff has a high school education and a background of varied work experience, including carpentry, operation of a tire sales business, prison guard and grocery clerk, thereby opening a wide range of possible employment. The activities of the plaintiff during the years since his last employment, including driving, fishing, maintenance work on rental property and reading, carry some weight in support of the Secretary's de-

**940**

cision. The record is barren of any showing by plaintiff of any attempts to find work he could do, or that such attempts would be futile.

In conclusion, while there is evidence in the record indicating that plaintiff has been, and probably will be afflicted with discomfort from arthritis, it would be erroneous to say that there is not substantial evidence in support of the Secretary's finding that plaintiff is not disabled within the meaning of the Social Security Act. In the words of the definition quoted in Cody v. Ribicoff, supra, the evidence in support of the Secretary's decision is "enough to justify, if the trial were to a jury, a refusal to direct a verdict."