**Otis W. JOHNSON, Plaintiff,**

**v.**

**Abraham RIBICOFF, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 6953.**

United States District Court
D. Colorado.
July 2, 1962.

James V. Phelps, Franklin R. Stewart and Albert G. Davis, Pueblo, Colo., for plaintiff.

Lawrence M. Henry, U. S. Atty., James P. McGruder, Asst. U. S. Atty., for Dist. of Colorado, Denver, Colo., for defendant.

ARRAJ, Chief Judge.

This action is brought to review the decision of the Appeals Council of the Social Security Administration denying a request for review of a decision rendered by a hearing examiner of the Office of Hearings and Appeals, Social Security Administration, Department of Health, Education, and Welfare wherein plaintiff's claims for the establishment of a period of disability and for disability benefits were denied. The matter is presently before the Court on motions for summary judgment filed by each of the parties.

Plaintiff first applied for a disability freeze on February 28, 1956, alleging that he became unable to work on August 1, 1953. This application was denied on May 20, 1958, and a request that the Appeals Council review the decision was denied on July 31, 1958. No action for judicial review was instituted with regard to the matter. On October 30, 1957, the claimant filed an application for disability benefits which also was denied. The referee, in his denial order, noted that in view of the 1958 Amendments the eligibility period under the earnings requirements had been extended to June 30, 1958; therefore, since it was possible that the claimant had become disabled between October 30, 1957, and June 30, 1958, the referee permitted another application to be filed under the provisions of these amendments. The application with which we are presently concerned was filed on February 24, 1959; the allegations made therein indicate that the claimant suffered disability from leukemia and arthritis on or before June 30, 1958.

The record indicates that the claimant was fifty-five years of age at the time he filed the application now under consideration. With regard to the claimant's education and work experience, the decision of the Appeals Council states:

"The claimant testified that he went to the ninth grade in school. There is no evidence that he has had any special training of any kind. His work experience has been at unskilled work and includes railroad laborer, bus boy, dog handler and trainer, laborer in a packing house, porter in a barbershop, work with the Farm Soil Conservation, W.P.A., hod carrier for twenty years, and operator of a rock cracking machine. As to the latter occupation the claimant described his duties as watching the machine and pressing a button. He has also been a watchman."

The decision of the hearing examiner recognized that the claimant had both chronic lymphatic leukemia and an arthritic condition in his left hand, but the examiner's conclusion was that neither complaint was severe enough to be disabling. Also, a psychiatric examination disclosed an anxiety reaction, but the hearing examiner felt it had apparently been overcome. In analyzing the effect of these conditions upon the claimant's ability to engage in substantial gainful activity, the Appeals Council concluded:

"Although a good part of the claimant's industrial experience has been at arduous labor, he has had experience as a bus boy, porter, dog handler, and trainer, and according to his testimony the duties performed by the claimant on his last job consisted of pushing a button and watching the machines. Any of these occupations should be within the scope of the claimant's present physical capacities."

■■ The evidence of the claimant's work experience, other than that of a hod carrier, hay hand and worker on a rock crusher, appears in this record solely from the findings of the hearing examiner who rendered the decision of May 20, 1958, denying the relief sought in the application filed by the claimant on February 28, 1956. Since judicial review of that decision was not sought within sixty days as provided in the Act, the conclusions reached therein with respect to that application are now res judicata. Hobby v. Hodges, 10 Cir., 1954, 215 F.2d 754; Johnson v. Flemming, 10 Cir., 1959, 264 F.2d 322. Of course, it is noted that the findings contained in the 1958 decision are not conclusive with regard to the application presently being considered; but on the other hand, the determinations in that decision concerning the claimant's past work experience were properly considered by the Appeals Council in rendering the decision presently in question.

This Court has had occasion to concern itself with the burden which a claimant in these cases must discharge in order to establish disability within the meaning of the Act. Paul v. Ribicoff, D.C. Colo.1962, 206 F.Supp. 606; Clifton v. Ribicoff, D.C.Colo.1961, 195 F.Supp. 673. In referring to Clifton, this Court stated as follows in Paul:

"In this regard reference was made to Corn v. Flemming, D.C.S.D. Fla.1960, 184 F.Supp. 490, wherein it was said that a claimant's proof of inability to further engage in his usual or lifelong occupation was sufficient to carry this burden of proof *when there was no definite evidence as to other work which he could perform.*" (Emphasis added)

And continuing in Paul, this Court laid down the following test:

"Therefore, it appears to this Court that, in general, a claimant has adequately established a prima facie case of disability as defined in the Social Security Act when he (1) shows that his physical impairment prevents any further pursuit of his usual or lifelong vocation, ■ shows that his advanced age and lack of education *and other work experience* are superimposed upon the lack of employment, and (3) when there is no indication in the record of any other definite employment opportunities in the locale where the claimant is situated in which he could realistically engage." (Emphasis added)

■ The record reasonably indicates that the claimant's usual or customary occupation was that of a hod carrier. It also seems apparent from the record that this claimant is no longer physically able to engage in such arduous labor. However, when it appeared from the record that the claimant had employment experience in several other types of work, and where the claimant failed to show that he was no longer physically or mentally capable of engaging in them or that they were in fact unavailable to him, he did not sustain his initial burden of showing a prima facie inability to engage in substantial gainful activity. The need for such showing seems to be amplified by the determination of the hearing examiner in the previous decision that found the claimant able to engage in the enumerated occupations.

■ The claimant has submitted several physicians' reports which indicate that the claimant was considered by such examining physicians to be totally disabled, a fact which, if uncontradicted, might relieve the claimant from showing that other types of work in which he had experience were no longer open to him. However, the record contains many other physicians' reports which suggest that the claimant was able to undertake tasks less strenuous than hod carrying during the period in question. Under these circumstances, it is the belief of this Court that the hearing examiner's determination, as it concerns the weight and sufficiency given to such reports, is binding upon the reviewing tribunal. Taylor v. Ribicoff, D.C.S.D.W.Va.1962, 204 F. Supp. 144; Jarvis v. Ribicoff, D.C.Ky. 1962, 202 F.Supp. 796; Talley v. Flem-

ming, D.C.Nev.1960, 195 F.Supp. 264; Thompson v. Flemming, D.C.Ore.1960, 188 F.Supp. 123; Butler v. Folsom, D.C. W.D.Ark.1958, 167 F.Supp. 684. Consequently, these disability reports submitted by the claimant did not operate to discharge his burden.

In accordance with the views set forth above it is

ORDERED that plaintiff's motion for summary judgment be, and the same is hereby, denied. It is further,

ORDERED that defendant's motion for summary judgment be and the same is hereby granted, and that the action be and hereby is dismissed.