**Dennis GIBSON, Plaintiff,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant.**

**No. 733.**

United States District Court
E. D. Kentucky,
Pikeville Division.

July 11, 1963.

Dan Jack Combs, Pikeville, Ky., for plaintiff.

B. T. Moynahan, Jr., U. S. Atty., Moss Noble, Asst. U. S. Atty., Lexington, Ky., for defendant.

SWINFORD, Chief Judge.

Dennis Gibson was denied Social Security benefits by a decision of a hearing examiner in the Department of Health, Education and Welfare. He now appeals the decision to this court under 42 U.S.C.A. § 405(g).

The plaintiff's wage record is the main impediment to a finding of eligibility. He last worked in 1953 and his insured status expired in July, 1954. The Act requires that the claimant have worked in 20 out of the 40 calendar quarters preceding the time a period of disability is established. 42 U.S.C.A. § 416(i). The result of this provision as it applies here is that plaintiff must show that his disability existed before July, 1954. Evidence relating to his condition at more recent times is not material except for very limited purposes.

The application was not filed until September, 1960 and practically all of the medical evidence concerns examinations performed after 1956. There are

only two exhibits which describe plaintiff's condition earlier than this.

One is a letter by Dr. R. A. Brown of Ecorse, Michigan. It states that the plaintiff was treated for hemorrhoids and rectal bleeding in October, 1952; that his history included treatment for peptic ulcers; that a barium enema on October 30, 1952 failed to show organic lesions of the colon; that on October 29, 1952 he was treated for peptic ulcers; that he was seen again on November 3, 1952 in an improved condition and that on December 10, 1952 he was again given ulcer medication.

The other is a letter by Dr. Mark Dempsey of Garrett, Kentucky stating that he saw the claimant in 1953 and 1954 for stomach trouble and had him stop work because such activity was aggravating his condition.

█ █ The evidence is not sufficient to reverse the administrative decision. There is nothing in it to define the severity and extent of the various disorders; neither is there any intimation as to whether it was thought that the conditions were curable or incurable. Medical evidence proving the claimant disabled is an essential condition to a finding of disability. Subjective symptoms reported by the claimant and not otherwise verified cannot be substituted for this element of the case. Adams v. Flemming, 2 Cir., 276 F.2d 901 (1960).

█ The evidence relating to periods subsequent to July 1954 shows a very grave aggregation of maladies. The ulcer seems to have progressed to the point that the plaintiff cannot leave his house. But this would only be relevant to show that a disability that existed before 1954 turned out to be of long-continuing and indefinite duration. Hilber v. Ribicoff, D.Mont., 196 F.Supp. 460 (1961). A finding of this nature is not pertinent here because the plaintiff's impairments had not reached disabling severity before his insured status expired. An impairment that has its onset or becomes disabling when the claimant no longer has insured status cannot be the basis for a finding of eligibility. Taylor v. Ribicoff, S.D.W.Va., 204 F. Supp. 144 (1962).

█ The lack of evidence to support the application for benefits is chargeable to the plaintiff. Poage v. Ribicoff, D. Mo., 205 F.Supp. 938 (1962). The court can find no ground for differing with the conclusions of the hearing examiner.

The defendant has moved for summary judgment and this motion will be sustained by an order entered this day.