**Ruby F. BREASHEARS, Plaintiff,**

v.

**David MATHEWS, Secretary of Health, Education and Welfare, Defendant.**

No. FS-75-14-C.

United States District Court, W. D. Arkansas, Fort Smith Division.

Nov. 30, 1977.

**1231**

William R. Bullock, Russellville, Ark., for plaintiff.

Robert E. Johnson, U. S. Atty., and Sam Hugh Park, Asst. U. S. Atty., Fort Smith, Ark., for defendant.

OPINION

JOHN E. MILLER, Senior District Judge.

On February 16, 1973, plaintiff filed her application for disability and insurance benefits. On May 8, 1973, the Director of Division of Initial Claims advised plaintiff that her claim was disallowed in that her physical condition was not disabling within the meaning of the law on any date through June 30, 1968.

On June 11, 1973, plaintiff requested a reconsideration and was advised by the Division of Reconsideration, Bureau of Disability Insurance that careful review had been made and that the previous determination denying her claim for disability insurance benefits was proper under the law. In the same letter, the Bureau advised plaintiff that if desired she could request a hearing before an Administrative Law Judge of the Bureau of Hearings and Appeals. That request was made and hearing was held on July 29, 1974. On August 7, 1974, the Administrative Law Judge filed his decision in which he held that plaintiff was not entitled to a period of disability or to disability insurance benefits under the provisions of Section 216(i) and 223 respectively of the Social Security Act, as amended.

Plaintiff requested a review of the Administrative Law Judge's decision and on December 5, 1974, she was notified that the Appeals Council had considered the matter and had concluded that the decision was correct. The Council further advised her "further action by the Council would not, therefore, result in any change which would be of advantage to you. Accordingly, the Administrative Law Judge's decision stands as a final decision of the Secretary in this case."

On January 31, 1975, plaintiff filed her complaint seeking a review of the final decision of the defendant.

In paragraph VII of her complaint, the plaintiff alleged:

"The only substantial issue of fact concerning Plaintiff's eligibility was the status of her partnership business from June, 1965, to May, 1972, and the statutory quarters included in said period. It was the decision of the Social Security Administration that inasmuch as a legal partnership did not exist during said period, said partnership employment was not genuine. Said finding and decision are not supported by any substantial evidence, and the conclusion that Plaintiff is not eligible for disability benefits is accordingly erroneous. Said contract of partnership was the result of a genuine contract of employment, and the amounts earned by Plaintiff during said period were earnings, and not merely gratuities, and that Plaintiff was and is permanently disabled within the meaning of the Social Security Act. The substantial evidence adduced at the hearings is contrary to the finding and decision on which this review is sought."

In the prayer of the complaint is that the court reverse the decision and determination and adjudge that plaintiff is entitled to retirement benefits under the Social Security Act as a qualified wage earner and that the case be returned to defendant for determination of the monthly benefits payable to plaintiff.

On January 30, 1976, defendant filed his motion for summary judgment on the ground that there is no "issue of fact and that the defendant is entitled to judgment as a matter of law."

On February 12, 1976, the plaintiff filed her response to the motion. In paragraph II of the response, plaintiff alleges:

"That the Defendant contends that the Plaintiff's insured status under the disability provisions of the Act expired on June 30, 1968. The Plaintiff concedes that this is true unless the evidence establishes a partnership in the filling sta-

tion of the Plaintiff and her husband. The uncontroverted evidence establishes that Plaintiff worked on a full-time basis, mostly seven days a week, from the time said filling station business was established from June, 1965, until she was injured in May of 1972. It is clear that each party had equal control in the business with Mrs. Breashears managing the interior of the store and the book work and Mr. Breashears handling the outside sales and mechanics work. It is clear that said parties operated the service station as a partnership and that it was their intention to do so. We respectfully submit that there is not substantial evidence contained in the record to support any other conclusion."

The issue in this case as formulated by the motion of defendant for summary judgment and plaintiff's response thereto heretofore set forth is primarily factual.

In *Celebrezze v. Bolas*, 316 F.2d 498 (8th Cir. 1963), the court through Judge Blackman, now Associate Justice Blackman, thoroughly discussed the applicable law and held beginning at page 500:

"1. Bolas, technically, has the burden of establishing his claim. *Kerner v. Flemming*, 2 Cir. 1960, 283 F.2d 916, 921; *Poage v. Ribicoff*, E.D.Mo., 1962, 205 F.Supp. 938, 939; *Blanscet v. Ribicoff*, W.D.Ark., 1962, 201 F.Supp. 257, 260.

"2. The Act is remedial and is to be construed liberally. *Kohrs v. Flemming*, 8 Cir., 1959, 272 F.2d 731, 736.

"3. The Secretary's findings of fact and the reasonable inferences drawn from them are conclusive if they are supported by substantial evidence. The statute, § 205(g), 42 U.S.C.A. § 405(g), is specific. This is the limitation of judicial review of the Secretary's decision. *Hoffman v. Ribicoff*, 8 Cir., 1962, 305 F.2d 1, 6: *Cody v. Ribicoff, supra*, p. 395 of 289 F.2d.

"4. 'Substantial evidence is more than a mere scintilla * * *.' It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion and it must be based on the record as a whole. *National Labor Relations Board*

*v. Columbian Enameling & Stamping Co.,* 1939, 306 U.S. 292, 300, 59 S.Ct. 501, 83 L.Ed. 660; *Universal Camera Corp. v. N.L.R.B.,* 1951, 340 U.S. 474, 487–488, 71 S.Ct. 456, 95 L.Ed. 456.

"5. It has been said that our posture in reviewing this appeal from the district court is not limited to a mere determination of whether that court misapprehended or misapplied the substantial evidence test (as the Supreme Court, in *Universal Camera,* p. 491 of 340 U.S., p. 466 of 71 S.Ct., 95 L.Ed. 456, places itself when considering a court of appeals' review of agency findings) but is, instead, no different than that of the district court in reviewing the Secretary's findings. *Edgerly v. Ribicoff,* 5 Cir., 1962, 311 F.2d 645, 646; *Ward v. Celebrezze,* 5 Cir., 1962, 311 F.2d 115, 116; *Roberson v. Ribicoff,* 6 Cir., 1962, 299 F.2d 761, 763.

"6. The determination of the presence of substantial evidence is to be made on a case-to-case basis. *Celebrezze v. Wifstad,* 8 Cir., 1963, 314 F.2d 208, 210; *Hoffman v. Ribicoff, supra,* p. 9 of 305 F.2d.

"7. 'Where the evidence was in conflict, or subject to conflicting inferences, it is for the Appeals Council on behalf of the Secretary to resolve such conflicts.' *Gotshaw v. Ribicoff,* 4 Cir., 1962, 307 F.2d 840, 845; *Snyder v. Ribicoff,* 4 Cir., 1962, 307 F.2d 518, 520; *Tircuit v. Ribicoff,* S.D.Tex., 1961, 199 F.Supp. 13, 15.

"8. The statutory definition of disability imposes the three-fold requirement (a) that there be a 'medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration'; (b) that there be an 'inability to engage in any substantial gainful activity'; and (c) that the inability be 'by reason of' the impairment. *Pollak v. Ribicoff,* 2 Cir., 1962, 300 F.2d 674, 677.

"9. 'Substantial gainful activity' has been described:

'The activity in which a disabled claimant can be found to be able to engage must be both substantial and gainful and within his capacity and capability, realistically judged by his education, training and ex-perience.' *Ribicoff v. Hughes,* 8 Cir., 1961, 295 F.2d 833, 837.

"Such a determination requires resolution of two issues—what can applicant do, and what employment opportunities are there for a man who can do only what applicant can do? Mere theoretical ability to engage in substantial gainful activity is not enough if no reasonable opportunity for this is available.' *Kerner v. Flemming,* supra, p. 921 of 283 F.2d.

"10. The emphasis is directed not to the average man but to the particular claimant's capabilities. *Ellerman v. Flemming,* W.D.Mo., 1960, 188 F.Supp. 521, 526.

"11. The word 'any' in the statute 'must be read in the light of what is reasonably possible, not of what is conceivable.' *Klimaszewski v. Flemming,* E.D.Pa., 1959, 176 F.Supp. 927, 932; *Kohrs v. Flemming,* supra, p. 736 of 272 F.2d. See also *Jarvis v. Ribicoff,* 6 Cir., 1963, 312 F.2d 707, and *Hodgson v. Celebrezze,* 3 Cir., 1963, 312 F.2d 260."

The principles above stated have been approved in numerous cases that have cited and followed *Bolas.*

In *McCalip v. Richardson, Secretary of Health, Education and Welfare,* 460 F.2d 1124 (8th Cir. 1972), the Eighth Circuit again considered and affirmed *Bolas,* and beginning at the bottom of page 1125 stated:

"Concededly, the Secretary's findings of fact and the reasonable inferences drawn therefrom are conclusive and binding if supported by substantial evidence. *Celebrezze v. Bolas,* 8 Cir., 1963, 316 F.2d 498, 500. See, also, e. g., *Vineyard v. Gardner,* 8 Cir., 1967, 376 F.2d 1012, 1014; *Brasher v. Celebrezze,* 8 Cir., 1965, 340 F.2d 413, 414.

"The Supreme Court, in a recent Social Security case, *Richardson v. Perales,* 1971, 402 U.S. 389, at page 401, 91 S.Ct. 1420, at page 1427, 28 L.Ed.2d 842, reiterated its definition of 'substantial evidence':

" '* * * [substantial evidence is] more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938)."

The plaintiff in her response to the motion for summary judgment, heretofore referred to, concedes that her insured status under the disability provisions of the Act expired on June 30, 1968 "unless the evidence establishes a partnership in the filling station of the plaintiff and her husband." The court has examined the record and all of the evidence relating to the partnership question.

At the hearing the plaintiff testified that she is 49 years old; has a seventh grade education; that other than the work she did in the service station, she last worked at the International Shoe Company Plant as an inspector on the production line and quit work there because of a surgical operation in January, 1964.

In June of 1965, she and her husband opened a service station. She took care of the books, paid the salesmen, ordered the supplies, kept the records, sold material from the front of the store, took money for gasoline and supplies and considered her work there as a full-time job.

On May 1, 1972, she was involved in an automobile accident and in November, 1972 she was operated on for the removal of a ruptured disc; that she now has numbness in her right leg and at times in her left leg. She has been taking Valium since 1972. When she sneezes, she has sharp pain in her low back and when she coughs she has a pain in the back of her head. She cannot stay in any position very long and a hot bath does not help.

Leroy Breashears testified that he and his wife started the service station with capital that they accumulated during their 19 years of marriage; that his wife drew no salary and that his was the only name on the signature card of the business bank account, but that later he authorized the bank to honor checks with her name on them. That he and his wife both took cash for their personal needs and that the only income they had was from the service station.

The license to do business was in his name as Leroy Breashears Highway 7 DX. That the lease with the gas company was in his name and there was no written partnership agreement.

Mr. Jack Burris, the DX Agent at Russellville, Arkansas, testified that Mrs. Breashears had worked at the station since it opened; that she arrived at 8:00 o'clock in the morning and stays all day and takes care of the front of the station; that she has paid him for gas and took care of the credit cards and cash register and seemed to exercise as much authority as her husband.

Otha Ivie testified that he traded at the station since 1968 and that Mrs. Breashears was full time at the station and seemed to have the same responsibilities as her husband.

■ The question to be determined is whether the parties actually intended to join together for the purpose of carrying on the business and sharing in the profits and losses. Their intention in this respect is a question of fact to be determined from their agreement, and conduct, and statements and the testimony of disinterested persons; the relationship of the parties and their respective ability and the capital contributed and actual control of the income and purposes for which it was used.

■ There is in the record copies of Mr. and Mrs. Breashears' income tax returns for the years 1966, 1967, 1968 and 1969. In each of these returns the claimant's occupation is given as housewife; the license of the business was in the name of the husband; the bank account was in his name; the lease of the premises was in his name and there is no written partnership agreement or any other documentary evidence that a partnership existed. Mrs. Breashears was only working in her capacity as a helpmate to her husband.

When all of the facts and circumstances are considered, the court is convinced that no partnership existed between plaintiff and her husband in the operation of the service station and that the finding of the Administrative Law Judge and Appeals Council is fully supported by substantial evidence.

Therefore, the decision of the defendant, Secretary, should be affirmed, and judgment is being entered today dismissing the complaint of the plaintiff and affirming the decision of the Secretary of Health, Education and Welfare.