Orville W. BASHTON, Plaintiff,

v.

Arthur S. FLEMMING, Secretary, Department of Health, Education and Welfare, Social Security Administration, Defendant

No. 19281.

United States District Court
E. D. Michigan, S. D.
May 10, 1960.

Orville W. Bashton, in pro. per.

Fred W. Kaess, U. S. Atty., Arthur T. Iverson, Jr., Asst. U. S. Atty., Detroit, Mich., for defendant.

FREEMAN, District Judge.

This action by the plaintiff against Arthur S. Flemming, Secretary of the Department of Health, Education and Welfare, is in the nature of a review of a denial by the defendant of plaintiff's social security benefit claim. Defendant filed his answer and attached thereto a copy of a transcript of the administrative record, pursuant to 42 U.S.C.A. § 405(g).

The record discloses that it is claimant's contention that since July 12, 1944, as a result of an industrial accident, he has been unable to engage in any substantial activity by reason of "spinal and internal injuries and an arthritic condition"; that these cause pain and that movement "agitates my vertebra"; that he is restricted in his movements and cannot stand for long periods. On May 17, 1957, claimant therefore filed an application for disability benefits under the provisions of the Social Security Act, as amended, alleging that he was unable to engage in substantial work. By letter dated September 24, 1957, the claim was disallowed. Reconsideration was requested on October 18, 1957, and by letter dated February 10, 1958, claimant was informed that the determination of the Bureau of Old-Age and Survivors Insurance was affirmed. Claimant was dissatisfied with the Bureau's determination and on February 12, 1958, requested a hearing before a referee of the Social Security Administration. Hearings were held on October 14 and 30, 1958, and, on November 28, 1958, the referee issued a comprehensive decision denying claimant's application. A subsequent request for review was denied by the Appeals Council on June 26, 1959. The case is now before this court for review.

The action in this court is governed by 42 U.S.C.A. § 405(g), which provides, in pertinent part:

"The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *."

Under this section, the court must accept a final decision, such as the one by the Appeals Council, as conclusive, if there is substantial evidence to support it. The term "substantial evidence" has been defined by the United States Supreme Court in N. L. R. B. v. Columbian Enameling & Stamping Co., 306 U.S. 292, 59 S.Ct. 501, 505, 83 L.Ed. 660, as:

" * * * enough [evidence] to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury."

Applying this definition to the record before the court, it clearly appears that there is substantial evidence in support of the conclusion reached by the referee, which was that the claimant failed to prove a "medically determinable physical impairment or combination of impairments of sufficient severity to prevent him from being able to engage in any substantial gainful activity from June 30, 1946, the time he last met the earnings requirements, up to the filing of this application in May, 1957."

868

Under the applicable statutes, proof of such impairment during a certain period is a condition precedent to establish that claimant is entitled to social security insurance benefits.

The record contains copies of reports from ten doctors. These reports were written between December 1, 1944, and October 20, 1958. Of all these reports, only those by Dr. Rothmeyer dated May 27 and October 18, 1957, clearly indicate facts supporting an opinion of permanent disability, while other reports contain medical findings which would support a conclusion of no disability or of only temporary disability within the meaning of the statute.

The court is therefore compelled to find that the record in this case contains substantial evidence in support of the conclusions of fact reached by the administrative agency. At the pre-trial conference of January 4, 1960, and the hearing on May 9, 1960, held in connection with this case, it became apparent that it is claimant's contention that, notwithstanding the existence of such substantial evidence, the claimant is entitled to a reversal and remand because of the allegation that many of the medical reports in evidence in this case are false and incomplete and that the doctors refused to give complete reports and refused to furnish some x-rays taken of the claimant immediately after the accident in 1944. Claimant's contention that all but one of the medical reports are false and incomplete clearly goes to the weight of the evidence submitted and was for the exclusive determination by the Secretary of Health, the fact finder in this case. As was stated in Carqueville v. Flemming, 7 Cir., 1959, 263 F.2d 875, 877:

> " * * * the function of the District Court was to review the record to determine whether it contained substantial evidence to support the administrative decision. Neither we nor the District Court have the right to make our own appraisal of the evidence."

Further, the transcript of the hearing before the referee on October 14, 1958, discloses that in response to the above allegations, the referee offered to help the claimant in any possible way to get these early x-rays and to get "complete" reports (see, for example, p. 40 of the transcript). The transcript does not show whether the claimant pursued this question further and whether he attempted to take advantage of the offer by asking for help in obtaining specific x-rays or medical reports.

The record abundantly shows that claimant has had a fair hearing in accordance with the applicable statutes and regulations, and the court having found that the factual determination by the Secretary of Health is supported by substantial evidence, the decision of the Secretary of Health must be and hereby is affirmed.

An appropriate order may be entered.