Bernard A. **FEEZER**

v.

Abraham A. **RIBICOFF,** Secretary of Health, Education and Welfare.

Civ. No. 12061.

United States District Court
D. Maryland.

May 5, 1961.

Malcolm B. Tebbs, Baltimore, Md., for plaintiff.

Joseph D. Tydings, U. S. Atty., and Carl J. Lorenz, Jr., Asst. U. S. Atty., Baltimore, Md., for defendant.

THOMSEN, Chief Judge.

This is an action to review a decision rendered by a hearing examiner (referee), which became the "final decision" of the Secretary when the Appeals Council denied plaintiff's request for review. The referee held that plaintiff had failed to establish that he was entitled to a period of disability, a so-called "disability freeze", under Section 216(i) of the Social Security Act, 42 U.S.C.A. § 416(i), or to disability insurance benefits under Section 223 of the Act, 42 U.S.C.A. § 423. The issue in this court is whether there is substantial evidence in the record taken as a whole to support that decision.

Plaintiff last met the "quarter of coverage" requirement in the quarter ending December 31, 1947. Therefore, to be eligible for monthly insurance benefits, based on his application filed January 14, 1958, he must have been under a continuous "disability", as defined, beginning not later than December 31, 1947, and continuing without interruption until the filing of his application. Section 223(c)(1) of the Act, 42 U.S.C.A. § 423(c)(1). The term "disability", as defined in the Act means: "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment, which can be expected to result in death or to be of long-continued and indefinite duration. An individual shall not be considered to be under a disability unless he furnishes such proof of the existence thereof as may be required." Sec. 223 (c) (2) of the Act, 42 U.S.C.A. § 423(c) (2).

Plaintiff filed his first application to establish a period of disability on January 25, 1955; it was denied, reconsidered and again denied, and plaintiff did not request a hearing, although advised of his rights. The present application was filed on January 14, 1958; it was denied initially and on reconsideration by the Bureau, after the Maryland Division of Vocational Rehabilitation, upon evaluation of all the evidence of record by a physician and a vocational specialist had found that plaintiff was not under a disability. Plaintiff thereupon requested a hearing before a referee, which was held on March 12, 1959. The referee considered the case de novo, took testimony and received documentary evidence relative to plaintiff's claim, and on the record so made rendered a decision on July 10, 1959. The evidence showed that plaintiff suffered severe electric burns on June 14, 1943, which resulted in (a) amputation of his right leg below the knee and (b) the scarring of the medial surface of his right arm. The plaintiff was fitted for prosthesis. He returned to work in January, 1945 and worked through March, 1946. Thereafter he did no further work for wages but he engaged in other activities; he purchased and sold about six parcels of real estate; he supervised the building of five or six houses; in 1950, together with his sons, he set up a saw mill; until a year or two ago before the hearing he did a little gun shooting.

There are many reports in the record from Dr. W. C. Stone, of Westminister, Md., covering plaintiff's condition during 1955 and after, which show that he is now suffering from a variety of troubles which are no doubt disabling. But that is not the real issue in this case; the controlling date is December 31, 1947. The referee found: "The claimant's impairments are not shown to be of sufficient severity on or before December 31, 1947, when he last met even the more liberal earnings requirements provided in the 1958 Amendments to the Act, so as to preclude him from being able to engage in any substantial gainful activity for a long continued and indefinite period. The extensive activities of the claimant in the buying and selling of real estate, in supervising the construction of six or more houses, in driving his automobile, in operating with his sons a saw mill, along with other activities shown by the evidence, all tend to indicate, that not-

withstanding his impairments, the claimant's residual and mental capacity has been such that he has been able for long periods of time to engage in substantial gainful activity within the meaning of the Social Security Act. Although the medical evidence tends to indicate certain additional impairments (cardiac and respiratory), these occurred long after December 31, 1947 when the claimant last met the statutory earning requirements, even under the liberalizing 1958 Amendments to the Act, and therefore they may not be considered as a basis for establishing disability under the disability provisions of the Social Security Act."

At the hearing before this court plaintiff's counsel presented no argument to support a reversal of the decision. He asked that the case be remanded so that he could present the testimony of Dr. Milton J. Wilder, an orthopedist. In 1958 Dr. Wilder had examined plaintiff and had reported that "the claimant's prosthesis was three years old and badly in need of repair; the general situation could be substantially improved if the claimant were to lose weight and use a better type prosthesis; there was a cholecystectomy performed about one year ago." He also found "scarring over the medial surface of the right arm, but there is good function" and "a large scrotal hernia." Counsel for plaintiff states that Dr. Wilder would now say that plaintiff's condition has worsened and that he is substantially unable to perform any type of work. But such testimony would not tend to refute the conclusion of the referee with respect to plaintiff's condition on December 31, 1947 and for many years thereafter. This court denies the request to remand the case for further testimony.

There is substantial evidence in the record taken as a whole to support the decision.

The Clerk is instructed to enter a judgment affirming the decision of the Secretary.