**Luverne IHNEN, Plaintiff,**

v.

**Anthony CELEBREZZE, Secretary of Health, Education and Welfare, Defendant.**

**Civ. No. 1338.**

United States District Court
D. South Dakota, S. D.

Nov. 5, 1963.

Carleton R. Hoy, of Davenport, Evans, Hurwitz & Smith, Sioux Falls, S. D., for plaintiff.

Travis H. Lewin, Asst. U. S. Dist. Atty., Sioux Falls, S. D., for defendant.

MICKELSON, Chief Judge.

This action is brought under 42 U.S. C.A. § 405(g), whereby the plaintiff, after exhaustion of administrative remedies, seeks review of a final decision of the Secretary of Health, Education and Welfare denying disability insurance benefits.

Plaintiff originally filed an application for benefits on October 28, 1958, which was denied on October 19, 1959, because the disability insured status requirements were not met. A subsequent application was filed on February 13, 1961, at which time it was determined that the statutory earnings requirements were met in the quarter of alleged disability (September 13, 1956) and were last met in the quarter ending March 31, 1957. This second application was denied June 6, 1961, on the basis that the claimant was not under a disability as alleged either on March 31, 1957, or the date of determination. The plaintiff then requested a hearing before a hearing examiner. On June 8, 1962, he found that the claimant had failed to establish by medical evidence the necessary disability on, or prior to, March 31, 1957, and therefore was not entitled to benefits. The Appeals Council of the Social Security Administration declined formal review of the hearing examiner's decision, and thereupon the decision of the hearing examiner became the final decision of the Secretary of Health, Education and Welfare.

The plaintiff is now asking for a reversal of such decision on the basis that the decision is clearly erroneous, not being based on substantial evidence on the record as a whole, or in the alternative, remand to the Secretary in the light of new evidence. The defendant alleges that on the record as a whole, there was substantial evidence to support the Secretary's decision, and therefore such findings are binding on this court. The defendant has moved for summary judgment in accordance with the provisions of Rule 56(b) and (c), Rules of Civil Procedure, and asserts that the new evidence proposed to be offered by the plaintiff does not constitute good cause sufficient to warrant remand to the Secretary.

At the hearing, plaintiff testified that he injured his back while lifting a crate of cabbages on September 13, 1956, while employed by Child Bros., Inc., a produce company in California. While being treated for his back injury, cancer was discovered. The diagnosis was carcinoma of prepuce and glans penis, for which plaintiff underwent surgery on November 23, 1956. There was a radical amputation of penis with block dissection of inguinal and femoral lymph nodes and perineal urothrotomy. He was discharged from the hospital on January 10, 1957.

Sometime in the spring of 1957, plaintiff returned from California to his native South Dakota. In July of 1957, he first consulted Dr. Carlos Kemper of Viborg, South Dakota. After his second applica-

tion for disability benefits, there were many medical examinations in 1961 and 1962, with varied shades of opinion as to his disability. Plaintiff's main complaints were edema of the legs, low abdominal pain, and low back pain. The plaintiff in his applications for disability benefits had claimed cancer was his disabling medical impairment. From the medical reports, it appears that the plaintiff has had his penis excised, and in that area are massive scarring and some skin grafts, causing the area to be tender. There has also been some minor draining from this area.

The hearing examiner at the time of the hearing, May 1, 1962, informed plaintiff that he could be represented by counsel, and was told by plaintiff to "go ahead", that he did not have "any money to spend on an attorney." Also, at the time of the hearing, the records of plaintiff's 1956 operation were not before the examiner.

Because the plaintiff had frequently complained to the doctors of pain in his back, the hearing examiner directed most of his attention thereto. He inquired whether plaintiff had been paid Workmen's Compensation benefits while he was in the hospital. The plaintiff replied that he had been paid some of the time but not all the time. The examiner further inquired whether the compensation benefits were allowed for permanent or temporary disability, and plaintiff stated he did not know. At the close of the hearing, the examiner requested plaintiff to obtain a statement from the hospital in California "relative to the severity of the back condition at the time he was in their hospital", and a statement from the "California Workmen's Compensation Bureau as to whether an allowance was made for a back injury." The record was later reopened for the purpose of entering in evidence the hospital and medical reports which dealt only with the surgery, and also a letter addressed to the Supervisor of the Disability Determination Section at Pierre, South Dakota, from the Industrial Accident Commission of California, which stated in effect that an application was never filed with either the Long Beach district office of the Industrial Accident Commission or the Los Angeles office.

The foregoing is, in essence, the evidence before the hearing examiner.

█ The final decision of the Secretary that the plaintiff did not sustain his burden of proving disability as of March 31, 1957, must be based on substantial evidence on the record as a whole. Goldman v. Folsom, 246 F.2d 776 (3 Cir. 1957); Foster v. Flemming, 190 F.Supp. 908 (N.D. Iowa 1960), reversed on other grounds 313 F.2d 604 (8 Cir. 1963).

There is a period of time which was not covered in the medical reports except as history given by the plaintiff. This period of time is from November 23, 1956, the date of the surgery, until October 31, 1958, the date of Dr. Carlos Kemper's medical report submitted during the pendency of plaintiff's first application for disability benefits.

██ Disability acquired after the earnings requirements were last met does not entitle a claimant to the benefits of the act. Feezer v. Ribicoff, 194 F.Supp. 457 (D.C.Md.1961); Bashton v. Flemming, 187 F.Supp. 866 (E.D.Mich.1960). There was not substantial evidence before the hearing examiner that the disability was present on March 31, 1957. This court therefore may not reverse the decision of the Secretary.

The plaintiff, however, has also requested this court in the alternative to remand because of new evidence. 42 U.S.C.A. § 405(g) provides:

"The court * * * may at any time, on good cause shown, order additional evidence to be taken before the Secretary, * * *."

The new evidence plaintiff proposes to offer is seven medical reports from the doctor in California who treated the plaintiff for a back injury in September, October, November and December of 1956. These reports show Zenith National Insurance Company, Los Angeles, California, as insurance carrier, and Child Bros., Inc., as employer. They

state that plaintiff was temporarily disabled from a musculoligamentous strain low back with possible disc syndrome. An estimated disability of one to two weeks was made at the date of the original report, September 17, 1956. This was subsequently extended to 12 weeks, or through December 10, 1956. The final report stated that they could not at the time of the last visit, December 6, 1956, make an examination of the back because of the surgery. This final report of December 9, 1956, also indicates that there were complications following the surgery. The doctor stated that "this patient is entitled to this amount of compensation." It therefore appears to this court that the plaintiff did, in fact, receive Workmen's Compensation payments for a period of time in excess of twelve weeks. It also appears that there was no final determination that the back injury was corrected.

The hearing examiner had no medical reports before him in respect to the back injury and its treatment. On page 2 of the Hearing Examiner's Decision it is stated "claimant testified that he entered the Seaside Memorial Hospital of Long Beach, California in October, 1956 because he had injured his back. * * *" This is an incorrect statement of plaintiff's testimony at the hearing. In response to the question on page 4 of the transcript of the hearing, "* * * You put a date here of September 13, '56, as being the date you were last able. Is that the date you went into the hospital?", the plaintiff answered, "No, that's when I had my back injured, and I went into the clinic to get it examined, and during my examination of my back, they discovered my cancer * * *." As previously mentioned, the hearing examiner wanted reports from the Seaside Memorial Hospital in relation to the back injury. In his decision on page 2, it is stated in reference to these reports entered into evidence on the reopening, "There is no mention of any back condition as claimant alleged in his testimony." This is a misstatement of the plaintiff's testimony. The claimant did not testify that he received any hospital treatment for his

back. On page 9 of the transcript, in response to the question "Any possibility that you could get me a hospital report showing the seriousness of your back injury at the time that you were in the hospital in California, the Seaside Memorial?", the plaintiff answered, "They weren't taken in the hospital. They were taken in the clinic and I can't remember that clinic." It is after this testimony that the examiner asked the plaintiff for the Seaside Memorial Hospital reports relative to the severity of the back condition.

The hearing examiner included in his decision that the California Industrial Accident Commission stated plaintiff had never filed an application with either the Long Beach or Los Angeles offices. The reports of the doctors treating plaintiff for his back injury were originally made on forms that were required to be mailed to the Division of Labor Statistics and Research at San Francisco under penalty of law. It should also be noted that in the examiner's decision it is stated on page 3, "After claimant's discharge from the hospital, January 10, 1957, the next medical report is from Carlos Kemper, M.D., who in a report dated February 28, 1961, stated he had first seen claimant July 29, 1957." This is a misstatement of the record. On pages 79 and 80 is a medical report dated 10–31–58 signed by Carlos Kemper M.D. which was obviously made while the first application was pending.

The plaintiff was not represented by counsel at the hearing. He was informed of this right at that time and declined. Failure to be represented is not grounds for reversal or remand. Butler v. Folsom, 167 F.Supp. 684 (W.D.Ark. 1958). This plaintiff is a man of only eighth grade education. His letters included in the record clearly bespeak his educational limitations. It appears from the record as a whole that the plaintiff did not fully understand the necessity of proving his disability at the disability freeze date of March 31, 1957. It can hardly be said that when at the time of the hearing, he was apparently first fully

advised of the importance of such evidence, that he would know how to prove the disability at and prior to that date. The hearing examiner's request for reports of treatment on his back made at the "hospital" where he only had surgery for cancer could hardly have helped plaintiff understand what was needed as evidence. The latest report from the hospital is dated November 23, 1956, the day of the operation. It contains a statement that post-operative condition was excellent, yet the report of the doctor who was previously treating the back injury stated that there were complications after the operation that prevented him from making a further examination. There are no later reports concerning the plaintiff's hospitalization, even though the plaintiff remained there until January 10, 1957.

These administrative hearings are not adversary proceedings. Blanscet v. Ribicoff, 201 F.Supp. 257 (W.D.Ark. 1962). The question to be determined is whether the plaintiff was or was not disabled on or prior to March 31, 1957.

In light of the new evidence in relation to the decision of the hearing examiner, the plaintiff's educational background, and the plaintiff's lack of understanding—perhaps because of lack of counsel—of what he needed to prove his case, this court remands to the Secretary of Health, Education and Welfare to receive the evidence offered by the plaintiff in this action, and any other competent evidence as to plaintiff's disability on March 31, 1957, and which was continuing.

It is also noted from the record that all medical testimony revealed some disability at all times after January 10, 1957. There was no evidence submitted as to employment of which the plaintiff was capable in light of his education, past employment history, and then present physical condition. It must appear that there was in existence some substantial, gainful type of employment available to the plaintiff in light of the above mentioned circumstances. Fedor v. Celebrezze, 218 F.Supp. 667 (E.D. Penn.1963); Blanscet v. Ribicoff, supra.

The defendant's motion for summary judgment is denied, and the case is remanded to the Secretary of Health, Education and Welfare to hear further evidence in accordance with this memorandum decision.

Counsel for the plaintiff will prepare and submit to the Court an appropriate order.