**John M. CROWDER, Plaintiff,**

v.

**John W. GARDNER, Secretary of Health, Education, and Welfare, Defendant.**

**Civ. A. No. 4680.**

United States District Court
D. South Carolina,
Spartanburg Division.

Feb. 7, 1966.

Christian D. Padgett, Gaffney, S. C., and Kenneth M. Powell, Spartanburg, S. C., for plaintiff.

John C. Williams, U. S. Atty., and Robert O. DuPre, Asst. U. S. Atty., Greenville, S. C., for defendant.

HEMPHILL, District Judge.

Action brought by plaintiff under the provisions of Title II of the Social Security Act, hereinafter referred to as the Act, 42 U.S.C. § 401ff., for judicial review of a final decision of defendant denying the application of plaintiff to establish a period of disability and for an award of disability insurance benefits.

Section 205(g) of the Act, 42 U.S.C. § 405(g), provides the exclusive manner of

review of the decision of defendant in this cause

> Any individual, after any final decision of the Secretary * * * may obtain a review of such decision by a civil action * * *. Such action shall be brought in the district court of the United States * * *.

and limits the power of the Court

> * * * [T]o enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *.

The issue in this case is whether there is substantial evidence in the record to support the decision of defendant that plaintiff, having the burden of proof thereof, failed to establish that he is entitled to a period of disability, a so-called disability freeze, under section 216(i) of the Act, 42 U.S.C. § 416(i), or to disability insurance benefits under section 223 of the Act, 42 U.S.C. § 423, on the basis of his application.

Plaintiff filed application with the Social Security Administration, Department of Health, Education, and Welfare, to establish a period of disability and for an award of disability insurance benefits on August 20, 1962, alleging that he became unable to work in May 1962, at age 52, because of "Diabetes, anemia, kidney condition." The application was denied initially, and on reconsideration, after the Vocational Rehabilitation Agency of the State of South Carolina, upon evaluation of the evidence by a physician and a disability examiner, had found that plaintiff was not under a disability. Plaintiff requested a hearing before a hearing examiner, Bureau of Hearings and Appeals, Social Security Administration. The hearing examiner, before whom plaintiff and his wife appeared and testified, considered the case *de novo*,

and on December 26, 1963, found that plaintiff was not under a disability within the effective date of the application. The decision of the hearing examiner became the "final decision" of defendant when the Appeals Council, Bureau of Hearings and Appeals, denied plaintiff's request for review on April 14, 1964.

Plaintiff was born in Polk, North Carolina, on October 17, 1909, completed the fifth grade in school, and began working as a farmer. In 1941 he went to work for the Spartan Mills baling waste and continued in this line of work, interspersed with periods of unemployment, for a number of employers until 1946 when he received training under the G. I. Bill in heating and air conditioning. He thereafter was employed by a number of employers as a sheet metal worker in various places until May 1962 when he alleged he became unable to work. He lives at home with his wife on a compensation award from the Veterans Administration of $38 a month.

The earliest medical information is a Veterans Administration Hospital narrative report relating to a 5-day hospitalization of plaintiff in January 1951 with a chief complaint of pain in the left knee, with radiation down to the toes. Plaintiff gave a history of gunshot wound in 1926, but stated that no "disability" followed the accident until 1944, while doing double time in the Army, when the knee "gave way." He later broke the left foot in 1944, and at the time of the hospitalization the fracture was shown as well healed.

Dr. Homer P. Hines submitted three reports, in October 1962, April 1963, and October 1963. His diagnoses were diabetes and arthritis. He showed no objective findings, and referred to Veterans Administration Hospital reports.

A special consultative examination was arranged at Governmental expense, and Dr. Julian Williams, an internist submitted a report on November 9, 1962, saying that clinical findings were not

remarkable. Diabetes mellitus was described but urine sugar was currently negative and the blood sugar was within normal limits. Weight loss on a 1800-calorie diet was noted. Although there was crepitation of the knee, exercise was only partially limited by discomfort.

Another Veterans Administration Hospital report relates a hospitalization for three weeks, in May 1963. Plaintiff was admitted because of numbness and aching of the left lower leg. He also related a history of diabetes. On examination, blood pressure was normal, and physical findings again were not remarkable. Diabetes was controlled on diet and medication. He continued to complain of numbness of the left leg, but managed to get about the ward without too much difficulty. The orthopedic consultant noted a pelvic tilt with abnormal spinal curvature and shortening of the right leg. Elevation of the right shoe of ⅜ of an inch was recommended. Plaintiff was given a pass because of illness of his wife, and at the termination of the pass he called the hospital and stated that he could not return because of the condition of his wife. He was accordingly discharged with maximal hospital benefits.

Showing symptoms of back and leg pain and weakness, Dr. Thomas E. Ryan stated that plaintiff was unable to work.

At the hearing, plaintiff testified that he sustained a gunshot wound in the knee in 1926, which was ultimately the cause of his discharge from the Army on December 23, 1944. He also related his diabetes problem, for which he is currently on a diet and medication. His wife also testified that plaintiff has arthritis in addition to diabetes.

In concluding his report, the hearing examiner noted:

The uncontradicted medical evidence does not establish an impairment or combination of impairments which are not remediable of such severity as to prevent claimant from doing his customary work or related jobs as of November 1962. It is possible, however, that a complete study of his condition—with appropriate treatment—would either improve the condition or establish its severity. It appears that claimant will continue to meet the special earnings requirements of the Act through March of 1967 and that, in the event of a worsening of his condition, he can present such evidence under a new application.

It is appropriate, in light of the hearing examiner's remarks, that the matter be remanded to the Secretary, with direction that a complete study be made so that all the necessary evidence will be before the trier of fact. It is axiomatic that judgments, judicial or administrative, should not rest on less than all the reasonably available evidence. It is no satisfactory argument to say that plaintiff did not produce all the possible evidence in his own behalf when it is clear he was without counsel and unlearned, particularly when it appears that the hearing examiner is aware that a bit more development will probably enable plaintiff to satisfactorily carry his burden of proof.

Accordingly, this matter will be remanded to the Secretary for further exploration consonant with the above.

The Clerk will make the appropriate entry.

And it is so ordered.