**Leonard S. BERRYHILL, Plaintiff,**

v.

**Elliott L. RICHARDSON, Secretary of the Department of Health, Education and Welfare, Defendant.**

**Civ. No. 70–C–250.**

United States District Court,
N. D. Oklahoma.

Feb. 5, 1971.

Craig Blackstock, Blackstock, Joyce & Pollard, Tulsa, Okl., for plaintiff.

Robert P. Santee, Asst. U. S. Atty., Tulsa, Okl., for defendant.

## MEMORANDUM OPINION

DAUGHERTY, District Judge.

Plaintiff applied for and was denied disability benefits under 42 U.S.C.A. § 423 and here seeks reversal of the Defendant's determination or remand of his case for the taking of additional evidence. Defendant seeks affirmance of the Hearing Examiner's denial of disability benefits which stands as the final decision of the Secretary.

The questions presented in this case are whether Plaintiff has shown good cause for remand of the case as required by 42 U.S.C.A. § 405(g) and whether the Examiner's decision is supported by substantial evidence. With respect to the first issue, Plaintiff alleges that he was not represented by counsel until this case was filed in this Court, that certain of the examining physicians were not familiar with his medical background, and that because of his limited education and rural background, he was not aware of the requirements his medical evidence must meet in order to carry his burden of proof before the Examiner.

The Court concludes that on the basis of these allegations Plaintiff is not entitled to a remand. The lack of counsel before the Hearing Examiner is not ground for remand, Ihnen v. Celebrezze, 223 F.Supp. 157 (D.S.Dak.1963); Butler v. Folsom, 167 F.Supp. 684 (W. D.Ark.1958); although there is authority to the contrary, Arms v. Gardner, 353 F.2d 197 (Sixth Cir. 1965). The rule stated by the *Ihnen* and *Butler* cases, supra, is preferable for the reason that the proceeding before the Hearing Examiner is informal and nonadversary, not a trial in the usual sense. Plaintiff's allegation that some of the doctors were not famil-iar with his medical background likewise is not a ground for remand in that such allegation goes to the weight and credibility of the evidence, a matter outside the competence of this Court in this proceeding. It is entirely a matter for the Hearing Examiner. Lastly, Plaintiff's allegation that he has a limited education and is of a rural background does not furnish ground for remand, unless other circumstances are present, as in Crowder v. Gardner, 249 F.Supp. 678 (D.S.Car.1966). Although Plaintiff states that, aided by counsel, he is now prepared to meet his burden of proof, he does not allege what, if any, additional evidence he will have which would affect the original outcome of his case before the Examiner. The Court under these allegations cannot conclude that good cause, even of the less stringent variety required in social security cases, see Hallard v. Fleming, 167 F.Supp. 205 (W.D.Ark.1958), has been shown by Plaintiff.

The Examiner considered medical and nonmedical evidence, the latter consisting of testimony of the Plaintiff, vocational witnesses, one of whom was qualified as an expert, and other documents on file. Plaintiff was 55 years old at the time of the hearing. He completed nearly all of his high school education. He presently owns and lives on a 640 acre ranch ten miles from downtown Tulsa which in years past he used for his dairy business. He has worked at a variety of occupations: dairyman, thirty years, service station operator, three years, mechanic for American Airlines, two years, manager of a tool crib for Douglas Aircraft, three years, owner-operator of a hamburger stand, two years, power metal shear operator, two years, carpenter's helper, two years, and assembly mechanic in a truck factory, three months. His reason for leaving his hamburger stand, power shear and truck assembly jobs was that the work was too arduous for him in his present condition. Plaintiff alleges that he has a bad back (his second application for disability benefits stated that his back was bro-

ken, two discs gone and one joint out of place).

The medical examinations did not reveal evidence of a fracture of the spine. In 1966, Dr. Livingston diagnosed his condition as a "degenerative lumbrosacral disc disease" of "mild to moderate degree." A 1967 report, apparently by Dr. Mayosa, diagnosed lumbrosacral osteoarthritis, with spondylosis and minimal lumbar scoliosis. This doctor was of the opinion that his condition was not disabling. In 1969, on the basis of examination and x-rays, Dr. White speculated that Plaintiff might be suffering from a nonspecific type rheumatalgia. Dr. Harrison diagnosed "degenerative disc disease and spondylosis of cervical spine and lumbar spine" in 1969 and concluded that Plaintiff's condition would not permit him to engage in manual labor. This doctor again saw Plaintiff five weeks later relative to muscle spasms in the back, treated him, and was able to report a week later that Plaintiff was much improved, but unable to engage in any strenuous physical activity, and "will not be." A month later, Dr. Harrison informed Plaintiff's vocational counselor that Plaintiff could not work every day because of "marked degenerative arthritis" and that unless retrained, he would be unable to pursue a gainful occupation.

Plaintiff's vocational counselor testified that in her opinion, Plaintiff, even if retrained in the real estate selling business (Plaintiff has attempted but failed to pass the required test), would be unable to be gainfully employed because of his physical condition.

 All of the evidence disclosed by exhibits or testimony was examined or heard by the vocational expert witness called by Defendant prior to the time the Examiner asked her the hypothetical questions which appear to form the basis of his conclusion that there exists in the immediate area occupations in which the Plaintiff in his present condition could be gainfully employed. Each question postulated increases in the Plaintiff's physical disabilities and were considered with the evidence disclosed up to that point. In each instance, the expert was of the opinion that Plaintiff retained residual capacity to engage in gainful occupations that existed in significant numbers in the national economy and in the immediate area of Plaintiff's residence and that she had personal knowledge of the existence of some of these occupations. A careful review of her testimony leads the Court to conclude that it meets the test set out in Gardner v. Brian, 369 F.2d 443 (Tenth Cir. 1966). The opinions and conclusions of this expert were properly based on a sufficient assumption of the Plaintiff's capabilities and on the testimony of other witnesses and the records of the case. Whitt v. Gardner, 389 F.2d 906 (Sixth Cir. 1968). Plaintiff testified, apparently in rebuttal to this expert's opinion that there was work within Plaintiff's capabilities in the area, but that because of his age and the unpredictable nature of his condition, few employers would be willing to hire him. It has been judicially noticed that Plaintiff's statement is one of the facts of life. Cooke v. Celebrezze, 365 F.2d 425 (Fourth Cir. 1966), at page 428. Nevertheless, it is clear from this expert's testimony that she took into account this factor. It is not necessary that she identify a specific job that Plaintiff could have if he applied for it. Lane v. Gardner, 374 F.2d 612 (Sixth Cir. 1967).

It is true that the record of this case contains medical evidence which would support a conclusion of disability and that there was vocational opinion to the effect that Plaintiff's physical condition would prevent him from being gainfully employed. However, there is also medical evidence that his physical condition was not severe enough to prevent normal, though limited, activity and vocational testimony that Plaintiff would be able to engage in specific lines of work in the immediate area and do so gainfully. Obviously, the evidence on the issue of disability was in conflict and thus the

question of disability under 42 U.S.C.A. § 423 was within the province of the Examiner to decide. Inasmuch as the record contains substantial evidence which supports the conclusions of the Examiner, this Court may not disturb the same.

Counsel for Defendant is requested to prepare a judgment affirming the decision of the Hearing Examiner as the final decision of the Secretary and submit the same to the Court within fifteen (15) days of the date hereof.