**Mary TRUSS, Plaintiff,**

v.

**Elliott L. RICHARDSON, Secretary of Health, Education and Welfare, Defendant.**

**Civ. No. 34464.**

United States District Court,
E. D. Michigan, S. D.

Dec. 20, 1971.

---

Melvyn J. Kates, Rothe, Marston, Mazey, Sachs, O'Connell, Nunn & Freid, P. C., Detroit, Mich., for plaintiff.

Ralph B. Guy, Jr., U. S. Atty., Barry Blyveis, Asst. U. S. Atty., Detroit, Mich., for defendant.

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

KAESS, District Judge.

Plaintiff, Mary Truss, filed an application for widow's disability insurance benefits on February 6, 1968, alleging that she had become unable to work as of August 12, 1967, at age 54, because of a fall she sustained while working as a cook in a nursing home. After such application was administratively denied, plaintiff applied for, and received, a hearing before a Hearing Examiner of the Social Security Administration. A decision was rendered by the Hearing Examiner on February 24, 1969, denying the claim of disability, and the Examiner's decision was subsequently affirmed by the Appeals Council of the Bureau of Hearings and Appeals.

Having thus exhausted her administrative remedies, plaintiff instituted this action for review, pursuant to 42 U.S.C. A. § 405(g).

The parties are presently before the court on defendant's Motion for Summary Judgment.

Section 405(g) allows for judicial review of the final decision of the Secretary of Health, Education and Welfare, but at the same time it limits the scope of such review to the administrative record and provides that if the Secretary's decision is supported by substantial evidence, it shall be conclusive. Nelson v. Gardner, 386 F.2d 92 (C.A. 6, 1967); Lane v. Gardner, 374 F.2d 612 (C.A. 6, 1967). The court is aware of the extent to which it may review administrative decisions and is fully in agreement with the long line of cases which hold that the courts should not attempt to substitute their judgment for that of the administrative agency. Thus, although the court might not be in complete agreement with the administrative decision, it will merely search the

record to determine whether there is substantial evidence in support of that decision. Laws v. Celebrezze, 368 F.2d 640 (C.A. 4, 1966); Taylor v. Cohen, 297 F.Supp. 1281 (D.C.Tenn., 1969).

■ Under the circumstances of this case the court must also recognize that Congress intended to make the requirements for obtaining disability benefits for widows and widowers of wage earners more stringent than the requirements for the wage earner himself. Zanoviak v. Finch, 314 F.Supp. 1152, 1157 (W.D.Pa., 1970); Wright v. Richardson, 320 F.Supp. 931 (W.D.Va., 1970). When reviewing a claim for widow's disability benefits under the Social Security Act, a federal court is limited solely to a consideration of the medical factors. Section 423(d)(2)(B) of the Social Security Act, 42 U.S.C.A. § 423; Frasier v. Finch, 313 F.Supp. 160, 162–163 (N.D.Ala., 1970), aff'd 434 F.2d 597 (C.A. 5, 1970); Acosta v. Secretary, 313 F.Supp. 1007, 1010 (D.C.P.R., 1970).

In arguing before the court in opposition to defendant's Motion for Summary Judgment, the attorney representing plaintiff raised, seemingly de novo, the allegation that the real cause of plaintiff's health problems are not the result of any severe physical impairments, but are rather to be attributed to mental difficulties. Plaintiff's attorney further argued that the administrative record of this case is deficient and demonstrates that the Hearing Examiner's dual role as prosecutor and judge rendered it impossible for the plaintiff, who was not represented by counsel, to receive an impartial hearing wherein all her interests would be fairly represented. As final grounds for error plaintiff alleges that the Hearing Examiner relied upon the written reports of various physicians and did not receive into evidence any oral medical testimony to substantiate his finding of disability. Plaintiff claims that the evidence introduced at the hearing is insufficient and fails to contain any proof relevant to plaintiff's (new) assertion of mental disability. Based on all these allegations, plaintiff petitions the court to remand her case back to the Hearing Examiner for further proceedings.

■ This court has thoroughly acquainted itself with the administrative record that is on file in this case. The record reflects that plaintiff received a full and fair hearing in which her interests were fully represented. Administrative hearings on disability claims are not, of course, adversary proceedings, and the mere failure of a disability benefits claimant to be represented by counsel is not grounds for reversal or remand, absent other factors. Inhen v. Celebrezze, 223 F.Supp. 157 (D.C.S.D., 1963); Steimer v. Gardner, 395 F.2d 197 (C.A. 9, 1968). In *Inhen* the claimant was denied disability benefits and the district court remanded the case back to the Hearing Examiner for further proceedings because the record clearly demonstrated that the plaintiff, who had an eighth grade education, did not fully understand what he needed to prove at the disability hearing—and because significant evidence concerning plaintiff's hospitalization and post-operative recovery had been omitted. None of these additional facts are present in the case at bar, and it is clear to this court that plaintiff Truss fully comprehended the nature of the disability proceedings and her burden of proof therein.

At the hearing extensive testimony was received from plaintiff, and a vocational expert also testified as to the availability of jobs in the local geographic region for a person who was disabled to the extent claimed by plaintiff. The medical evidence introduced into the case consisted of reports from five separate physicians, including a psychiatrist, and four separate reports from two different hospitals.

Not unexpectedly, the record does contain differing opinions as to whether plaintiff suffers from impairments which prevent her from engaging in any substantial gainful employment. While some of the medical reports tend to substantiate plaintiff's claim of disability,

the findings of a majority of the five physicians who examined plaintiff are stronger indicators that plaintiff's ailments are not of a totally disabling nature.

With reference to the alleged mental problems, it is to be noted that plaintiff's application for disability benefits was primarily based on her back condition, and only a small reference was made to her emotional problems. A psychiatrist who examined plaintiff two years after her fall reported that she manifested a good contact with reality and that she had no significant defects in her ability to understand, reason, and relate to others. It was the opinion of the psychiatrist that plaintiff had a personal motivation problem, and that otherwise she was not significantly limited by any emotional disorders. (Tr. 140–142).

■ In summary, then, it is the finding of this court that a preponderance of the medical evidence indicates that plaintiff is only partially restricted with respect to strenuous back movements, and that plaintiff has the residual capacity to perform the sedentary and light jobs that were enumerated by the vocational expert.

■ As to plaintiff's assignment of error that the Hearing Examiner relied solely upon written medical reports in determining the extent of plaintiff's disabilities, the court relies upon the recent Sixth Circuit case of Gray v. Finch, 427 F.2d 336 (C.A. 6, 1970), as controlling. In *Gray* the appeals court ruled that the question of whether hearsay medical evidence alone is sufficient to support a denial of disability benefits cannot be considered on review where the disability benefits claimant fails to object to the introduction of the medical reports and does not introduce contrary live testimony.

■ Thus, in applying the "substantial evidence" rule set forth in Section 405(g) of the Act, supra, and keeping in mind the additional limitations imposed by Section 423(a), supra, this court's conclusion is that the Hearing Examiner had the requisite substantial evidence to support his finding that plaintiff, Mary Truss, was not disabled to such severity as would allow her to claim widow's disability benefits under the Social Security Act.

Therefore, it is hereby ordered, that defendant's Motion For Summary Judgment be, and the same hereby is, granted and the action is dismissed.