Jasen, J.
The issue is whether a recipient of public assistance is entitled to the assignment of counsel at a statutory fair hearing to discontinue such aid.
Petitioner received aid to the disabled assistance. In January, 1973, the respondent Commissioner of the Department of Social Services of the City of New York served him with a notice of intent to discontinue. The stated reason was "Eligibility Apparently Established, Subsequently Disproved.”
A fair hearing (18 NYCRR 358.1 et seq.) was requested. On the hearing date, petitioner appeared, was furnished an abstract form of charges and was granted an adjournment to obtain representation. Thereafter, the Queens Legal Services Corporation was contacted, but declined to represent petitioner because of staff limitations. On the adjourned hearing date, petitioner again appeared and requested the hearing officer to assign counsel to represent him. The request was refused and the hearing was again adjourned.
This proceeding pursuant to CPLR article 78 was then brought for an order directing respondent Commissioner of the State Department of Social Services to assign counsel. Special Term denied the application and dismissed the petition on the grounds that assignment of counsel was not *320 authorized by statute nor required as a matter of constitutional due process. The Appellate Division (45 AD2d 858), one Justice dissénting, affirmed and petitioner has appealed to this court as of right.
There should be an affirmance. It is settled that the rudiments of due process — notice and an opportunity to be heard —must be observed at the fair hearing. (Goldberg v Kelly, 397 US 254.) But beyond this, no Legislature or court has gone. Indeed, we know of no Federal or State social welfare system that provides representation for indigent claimants as a matter of right.[1] (Cf. Social Services Law, § 131-c; but cf. US Code, tit 33, § 939, subd [c], par [1] [authorizing limited use of government-provided counsel under the Longshoremen’s and Harbor Workers’ Compensation Act].) And the Supreme Court, while recognizing that counsel may be helpful at hearings of this type (Goldberg v Kelly, 397 US 254, 270-271, supra), has declined thus far to declare the assistance of counsel essential so as to be embraced within the due process guarantee.[2]
It cannot be gainsaid that we treat with an important property interest and that the essentials of due process must be observed before that interest may be affected. What process is due, in the fair hearing context, is the general question and more specifically whether the right to assigned counsel is included.
We think the present regulations (18 NYCRR 358.1 et seq.) promulgated under the Social Services Law (§§ 20, 34), in the wake of Goldberg v Kelly (supra), amply safeguard that interest and comport with the essentials of due process. The recipient is entitled to notice of any action affecting his public assistance; of his right to a fair hearing; of the method of obtaining a fair hearing; that he may be represented by counsel, a relative, friend or other spokesman or himself; and of the availability of community legal services. (18 NYCRR *321 358.3.) A fair hearing is easily obtained either by oral or written communication (358.5 [a]) and continuation of assistance payments is assured once a fair hearing is requested (358.8 [c]). The actual hearing itself must be presided over by an impartial hearing officer who must base his decision on the record made (358.13; 358.18 [a]). The department may be, but is not invariably, represented by counsel. Technical rules of evidence do not apply (358.16 [b]). The right to testify, to produce witnesses and evidence and to cross-examine is assured (358.16 [c] [d]). And finally, judicial review is always available (358.18 [c]).
It should be clear also that the purpose of the hearing in the context presented by this appeal is not to lay a predicate for criminal prosecution, but to ascertain the facts regarding eligibility. The process, while it may be adversarial in form, is largely, as it should be, inquisitorial and legally trained advocates, however desirable, would not appear essential to assure fairness to either side.
In sum, it is not apparent on this record that in the fair hearing context the indigent’s right to be heard can only be effectuated with the aid of assigned counsel. The procedure as a whole would appear designed to minimize inaccuracies and to assure quality and fairness in adjudication. We cannot say that fairness can only be achieved for the indigent with the aid of assigned counsel, however desirable that assistance might be. If such assistance is to be provided, it is for the Legislature to say so, for constitutional due process does not command it. (Cf. Aiello v Commissioner of Public Welfare, 358 Mass 91; Rex Investigative & Patrol Agency v Collura, 329 F Supp 696; Administrative Hearings—Aid of Counsel, Ann., 33 ALR3d 229, 289.)
It is urged nevertheless that the potential for criminal prosecution for welfare fraud looming in the background of every fair hearing compels the assistance of assigned counsel. (See Social Services Law, § 145; 18 NYCRR 348.2.) But the record of the hearing is confidential (358.17). And it is the hearing officer’s duty to insure the impartiality of the proceedings and, we would say, to protect the rights of the parties; and this might include appropriate and timely advice about self incrimination. (Cf. 18 NYCRR 358.13, 358.14.) Moreover, should any welfare fraud prosecution ensue, the right to counsel is constitutionally assured. And again, we would emphasize, it is not the purpose of a fair hearing to lay the *322 predicate for a criminal trial, but merely to lay bare the facts regarding continuing eligibility for assistance.
Our decision in Matter of Ella B. (30 NY2d 352) has been urged as further ground for reversal. There we recognized that an indigent parent in a child neglect proceeding has a due process right to assigned counsel and must be advised of this entitlement. True, there, as here, there was the possibility that criminal charges ultimately might be brought (p 356). But the focus of our concern was on the parent-child relationship and the parent’s interest in the liberty of the child, his care and control. This, we said, involved too fundamental an interest and right and could not be relinquished to the State without a meaningful opportunity to be heard which in those particular circumstances included the assistance of assigned counsel for the indigent (pp 356-357).
Petitioner’s argument that denial of counsel because of indigency violates equal protection falls, we think, with the due process claim. The fair hearing procedures comport with due process. They are available to all. The right to a fair hearing does not turn on the financial ability to retain counsel and the equal protection clauses do not impose on the State an absolute duty to give to some whatever others can afford.
Accordingly, the order of the Appellate Division should be affirmed.

. Prior to Goldberg v Kelly (397 US 254), the Department of Health, Education and Welfare issued regulations requiring the provision of representation in public assistance fair hearings, effective July 1, 1969 (33 Fed Reg 17,853; 34 Fed Reg 1354, 1356). The effective date was later changed to July 1, 1970. After Goldberg and prior to the effective date of the regulation, the mandatory provision for representation was deleted. (35 Fed Reg 10,591; see 45 CFR 205.10 [a] [3] [iii].)

. Several United States District Courts, while noting that lack of counsel may have contributed to poor development of a claimant’s case in a disability hearing, have remanded to the hearing examiner for further development rather than direct appointment of counsel. (Crowder v Gardner, 249 F Supp 678; Ihnen v Celebrezze, 223 F Supp 157; Hall v Celebrezze, 217 F Supp 905.)