■ MARGARET J. ZSEDEL, Petitioner, v PHILIP L. TOIA, as Commissioner of the New York State Department of Social Services, et al., Respondents.— Proceeding pursuant to CPLR article 78 to review a determination of the respondent State Commissioner of the Department of Social Services, dated November 22, 1976 and made after a fair hearing, which affirmed a determination of the local agency denying petitioner's application for medical assistance. Petition granted to the extent that the determination is annulled, on the law and in the interest of justice, without costs or disbursements, and the matter is remanded to the respondent State commissioner for a *de novo* hearing and a new determination of whether the presumption that the petitioner transferred funds in order to qualify for medical assistance (Social Services Law, § 366, subd 1, par [e]) was rebutted in the light of all available evidence. Petitioner's application for medical assistance was denied on the ground that she had transferred, within one year of her application, approximately $5,000 from her account to her 75-year-old cousin, with whom she had lived for the past seven years. At the fair hearing, which the 82-year-old petitioner could not attend because she was confined to a nursing home, she was represented by the cousin, John A. Rakosy, who appeared without counsel. Before Mr. Rakosy could complete his statements rebutting the presumption, in which he had claimed ownership of the funds, the hearing officer interrupted him and redefined the issue in the hearing to be proof of the ownership of the funds in the account by documents indicating cash flow. Not only was this not the only method available by which Rakosy could prove that the funds were his, it was not the issue. Petitioner merely had to show that the funds had not been transferred in order to qualify for assistance. Moreover, Rakosy made an offer of proof which was rejected without examination, merely because he had used the wrong label or definition when he presented it. According to his affidavit, Rakosy can show by bills, receipts and records that the petitioner's income was not sufficient to reimburse him for her expenses. Therefore, Rakosy could have proceeded on the theory that the transfers were made to repay existing debts. By rejecting Rakosy's offer without examination because he labeled it "a statement of what I'm doing for her", the hearing officer failed to uphold his duty to protect the rights of the

parties (see *Matter of Brown v Lavine,* 37 NY2d 317, 321). In fairness to the hearing officer, it must be noted that Rakosy was not clear as to what he was offering, but in view of his age and the fact that he appeared without counsel and lacked knowledge of legal theories or of evidence relevant under them, the hearing officer cannot be excused for the impatient and intimidating manner in which he conducted the hearing. Therefore we have remanded the matter to the commissioner for a hearing and a new determination (see *Crowder v Gardner,* 249 F Supp 678; *Ihnen v Celebrezze,* 223 F Supp 157; *Hall v Celebrezze,* 217 F Supp 905). Damiani, J. P., Titone, Shapiro and Cohalan, JJ., concur.