**Daisy E. WRIGHT, Plaintiff,**

v.

**Elliott L. RICHARDSON, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 70–C–31–A.**

United States District Court,
W. D. Virginia,
Abingdon Division.

Oct. 21, 1970.

Daniel W. Bird, Jr., Woods, Gleaves & Bird, Wytheville, Va., and Sam L. Hardy, Bland, Va., for plaintiff.

James G. Welsh, Asst. U. S. Atty., Roanoke, Va., for defendant.

**OPINION and JUDGMENT**

DALTON, Chief Judge.

The plaintiff, Mrs. Daisy E. Wright, brought the action necessitating this opinion in order to recover social security widow's disability benefits. She claims that she became disabled in March 1956. The period during which she must prove that she was under a disability ended on June 30, 1959.

Mrs. Wright submitted documentary evidence to the hearing examiner but waived the opportunity to appear personally before him. By written decision dated January 21, 1970 the hearing examiner found that she was not entitled to benefits. The Appeals Council refused to disturb this decision by its letter of February 24, 1970.

The standard of disability for the widow or widower of a wage earner is significantly higher than that for the wage earner himself. The pertinent standard is quoted in the margin.[1] There are two distinctly higher requirements. In the wage earner standard the age, education, and work experience of the individual are taken into account while this is not true in the widow or widower cases. Secondly, in the widow and widower cases the impairment must be so severe as to preclude *any* gainful activity while in the wage earner situation the impairment need only be so severe as to preclude *substantial* gainful work. It is apparent that Congress made the standards for the widows and widowers of wage earners as high as might reasonably be done.

---

1. A widow, surviving divorced wife, or widower shall not be determined to be under a disability (for purposes of section 402(e) or (f) of this title) unless his or her physical or mental impairment or impairments are of a level of severity which under regulations prescribed by the Secretary is deemed to be sufficient to preclude an individual from engaging in any gainful activity. 42 U.S. C. § 423(d) (2) (B).

The claimant's medical history reveals a number of abdominal operations. In 1955 she was a patient in St. Luke's Hospital in Bluefield, West Virginia from January 27 to February 12. While she was there a total abdominal hysterectomy and bilateral salpingo-oophorectomy were carried out and she tolerated the procedure very well. She was rehospitalized on February 27, 1956 and surgery was performed for release of adhesions beneath the previous surgical incision. She was released March 8, 1956 after an uneventful post-operative course. In a follow-up examination on July 11, 1956 Dr. C. M. Scott, who performed the surgery, stated that the patient was getting along very nicely. On May 27, 1957 she was readmitted and operated on for an excision of a granuloma from the right side of the vaginal vault. The post-operative course was again uneventful and she was discharged on June 1, 1957. There were no other operations or other medical reports, except for interim examinations, during the period ending on June 30, 1959.

Since that time she was again hospitalized from May 24 to June 14, 1962 for treatment of post-operative adhesions and cystocele and rectole. She was treated for gastric ulcer when she was again hospitalized from November 7 to November 28, 1967. Finally, Mrs. Wright was rehospitalized from January 17 to January 29, 1969. Dr. Brookins Taylor stated that, "Physical examination revealed an obese, white female, appearing in fair health." The patient was discharged improved and Dr. Taylor's final diagnoses were, "Acute gastritis, adhesive capsulitis of the left shoulder joint, and hiatus hernia."

 The evidence reveals that the claimant has had an unfortunate medical history in that she has had to undergo a number of operations which have required moderate hospitalization. This is to be regretted but the claimant has presented no evidence that these operations affected her capacity for gainful activity. In fact the reports of her return visits indicate that she did well. The burden is on the claimant to prove disability and not on the Secretary to prove the absence of disability.[2] Since the claimant has manifestly failed to meet this burden, the court is compelled to find that substantial evidence supports the denial of benefits.

On the basis of the foregoing discussion, summary judgment is granted in favor of the defendant.

The clerk is directed to send a certified copy of this opinion and judgment to the plaintiff and to the defendant.

---

2. An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Secretary may require. 42 U.S.C. § 423(d) (5).